## DALLAS COUNTY *v.* McKENZIE.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT. OF MISSOURI.

Submitted January 16th, 1884.—Decided March 3d, 1884.

*Evidence—Municipal Bonds.*

*Ralls County* v. *Douglas*, 105 U. S. 728, relating to bonds in counties in Missouri issued in payment of subscriptions to railway stock, approved and followed.

*Marcy* v. *Township of Oswego*, 92 U. S. 637, *Humboldt Township* v. *Long*, 92 U. S. 642, and *Wilson* v. *Salamanca*, 99 U. S. 499, relating to the validity of such bonds in the hands of a bona fide holder, approved and followed.

When the records of a County Court show that orders for subscriptions to stock were made at adjourned and special terms at which all the judges were present, and that the last order was made at a regular term, it will be presumed, in the absence of anything to the contrary, that the adjourned and special terms were regularly called and held.

This was an action to recover the amounts due on interest coupons of municipal bonds issued in payment of a subscription for $85,000 to railway stock. The bonds contained the following recital :

" This bond is issued pursuant to an order of the County Court of the county of Dallas, made on the 18th of May, A. D. 1871, and amended on the 19th of June, A. D. 1871, and on the 12th of August, A. D. 1871."

There was no vote of the taxpayers of the county to authorize the subscription. The order of the County Court made on the 18th May, purported to be made at "an adjourned term." The record did not show how this became an adjourned term. It was assigned as error that "the Circuit Court erred in admitting in evidence the orders of the County Court of Dallas County over the objections of plaintiff in error."

*Mr. John P. Ellis* for plaintiff in error.

*Mr. J. B. Henderson, Mr. Thomas C. Fletcher* and *Mr. Geo. D. Reynolds* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

It is no longer an open question in this court that bonds issued by counties in Missouri, during the years 1870 and 1871, in payment of subscriptions to the stock of railroad companies without a vote of the people, are valid if the subscription was made under authority granted before the adoption of the Constitution of 1865 which did not require such a vote to be taken. In *Ralls County* v. *Douglass,* 105 U. S. 728, the cases in the Supreme Court of the State and in this court bearing on that question are referred to, and our conclusion distinctly stated. We there declined to follow the case of *State* v. *Dallas County Court,* 72 Mo. 329, decided in 1878, which substantially overruled a long line of cases in the Supreme Court of the State on which our earlier decisions were predicated.

In *Marcy* v. *Township of Oswego,* 92 U. S. 637, and *Humboldt Township* v. *Long,* Ib. 642, followed in *Wilson* v. *Salamanca,* 99 U. S. 499, it was expressly decided that municipal bonds were not invalid in the hands of a *bona fide* holder, by reason of their having been voted and issued in excess of the statutory limit, if the recitals imported a valid issue. It is an admitted fact in this case that McKenzie, the defendant in error, is a *bona fide holder* for value of the coupons sued on, and the recitals, which are almost in the exact language of those in *Wilson* v. *Salamanca, supra,* imply authority for the issue of the bonds from which they were cut. Consequently, in this case, the excessive issue is no defence.

The records of the County Court which were put in evidence show affirmatively that all the justices were present and acting at the adjourned and special terms, when the orders were made directing the subscription to the stock and providing as to the terms of the contract. The last order was made at a regular term. Under these circumstances, it is certainly to be presumed, in the absence of anything to the contrary, that the terms were regularly called and held. It was, therefore, not error to admit the records in evidence without proof of the order for the adjourned term, or the call for the special term. The fact that the order of the 7th of August, 1871, is referred to in the recitals of the bond as having been made on the 12th, is unimportant. *Smith* v. *County of Clark*, 54 Mo. 58.

*The judgment is affirmed.*