**CHRISTMAS et al. v. CITY OF ASBURY PARK.**

District Court, D. New Jersey.
Feb. 8, 1935.

Arthur T. Vanderbilt, of Newark, N. J. (Thomson, Wood & Hoffman, of New York City, of counsel), for plaintiffs.

Donald M. Waesche, of Hackensack, N. J. (Mark Sullivan, of Jersey City, N. J., of counsel), for defendant.

FORMAN, District Judge.

This is a suit brought by Albert G. Christmas and others against the city of Asbury Park, a municipal corporation of the state of New Jersey, on certain negotiable bonds and coupons of the city which were not paid at maturity.

The complaint contains seven counts. The plaintiffs allege in the first count that they are the joint owners of 90 of an issue of school bonds, dated September, 1926, and that certain interest coupons attached to the bonds are in default; in the second count that certain coupons attached to an issue of school bonds, dated January 1, 1928, of which the plaintiffs are the joint owners of 15, are in default; in the third count that certain coupons attached to an issue of general improvement bonds, series A, dated May 1, 1930, of which the plaintiffs are joint owners of 8, are in default; in the fourth count that certain bonds and attached coupons of an issue of temporary loan bonds, dated June 1, 1929, of which the plaintiffs are the joint owners of 58, are in default; in the fifth count that certain bonds of an issue of temporary loan bonds, dated April 11, 1930, of which the plaintiffs are the joint owners of 84, are in default; in the sixth count that certain bonds of an issue of temporary loan bonds, dated June 1, 1933, of which the plaintiffs are the joint owners of various denominations having a face value of $483,000, are in default; and in the seventh count that certain of an issue of temporary loan bonds, dated September 1, 1933, of which the plaintiffs are the joint owners of various denominations having a face value of $650,000 are in default. The plaintiffs demand damages in this suit in the sum of $1,328,360, with interest.

The several issues of bonds and the attached coupons have substantially the same form so far as they are concerned with the matters involved in this action. The following is a copy of the bonds and coupons sued on in the fourth count:

"No. 531                                        $1000
"United States of America, State of New
            Jersey, County of Monmouth
            "City of Asbury Park
            "Temporary Loan Bond

"The City of Asbury Park, in the County of Monmouth, a municipal corporation of the State of New Jersey, for value received hereby acknowledges itself indebted and promises to pay to the bearer, or, if this bond be registered, to the registered holder hereof, the sum of One Thousand Dollars ($1,000) on the 1st day of December, 1933, with interest thereon from the date hereof, at the rate of six per centum (6%) per annum, payable semi-annually on the 1st days of June and December in each year, upon pres-

entation and surrender of the annexed interest coupons as they severally become due, or, if this bond be converted into a fully registered bond, to the registered holder hereof. Both principal and interest of this bond are payable in gold coin of the United States of America of the present standard of weight and fineness, or the equivalent in lawful money, at the Asbury Park and Ocean Grove Bank, in Asbury Park, New Jersey, or, at the option of the holder, at the Irving Trust Company, in New York City.

"This bond may be registered as to principal by the holder in his name on the books of the Director of the Department of Revenue and Finance of said City, and such registration shall be noted hereon, after which no valid transfer hereof shall be made except on said books, until after registered transfer to bearer. Such registration shall not affect the negotiability of the coupons hereof, which shall continue to pass by delivery. At the request of the holder, this bond will be converted into a fully registered bond, and said coupons detached and cancelled, and thereafter both principal and interest shall be payable to the registered holder hereof.

"This bond is one of an issue of bonds of like date and tenor, issued pursuant to Section 13 of Chapter 252 of the Laws of 1916 of New Jersey, and the acts amendatory thereof and supplemental thereto, and an ordinance duly adopted by the Board of Commissioners of the City of Asbury Park on April 17th, 1928, for the purpose of temporarily financing the construction of a pavilion or building for public resort and recreation and for public exhibitions, lectures and assemblages, including apparatus and furnishings.

"It is hereby certified and recited that all conditions, acts and things required by the Constitution or statutes of the State of New Jersey to exist, be performed or happen precedent to or in the issuance of this bond, exist, have been performed and have happened, and that the issue of bonds of which this is one, together with all other indebtedness of said City, is within every debt and other limit prescribed by the Constitution or Statutes of said State. The faith and credit of said City are hereby pledged for the punctual payment of the principal and interest of this bond in accordance with its terms.

"In Witness Whereof, the City of Asbury Park, in the County of Monmouth, has caused this bond to be signed by its Mayor and countersigned by its Director of the Department of Revenue and Finance, and its corporate seal to be hereunto affixed and attested by its City Clerk, and the annexed coupons to be signed with the fac-simile signature of said Director, and this bond to be dated June 1, 1929.

"[Seal.] [Signed] C. E. F. Hetrick,
"Mayor
"Countersigned:
"[Signed] Thomas H. Pratt,
"Director of the Department of Revenue and Finance
"Attest:
"[Signed] A. Gr. King, City Clerk."
"$30.00
"On the First Day of June, 1934, the City of Asbury Park, The County of Monmouth, New Jersey, will pay to the bearer Thirty Dollars ($30.00), in gold coin of the United States of America, or the equivalent in lawful money, at The Asbury Park and Ocean Grove Bank, in Asbury Park, New Jersey, or, at the option of the holder, at the Irving Trust Company, in New York City, being the semi-annual interest then due on its Temporary Loan Bond, dated June 1, 1929, No. 2689.
"Thomas H. Pratt,
"Director of the Department of Revenue and Finance. 10"

In its amended answer, the defendant, the city of Asbury Park, has interposed the following defense to each of the seven counts:

"It has no knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 but begs leave to produce at the trial of this issue and refer to the official records of the defendant City of Asbury Park as to the truth thereof.

"It has no knowledge or information sufficient to form a belief as to the allegations in Paragraph 2.

"It has no knowledge or information sufficient to form a belief as to the allegations of Paragraph 3, except that it admits that the coupons mentioned therein have not been paid."

In addition to that, the defendant has filed separate defenses to the fourth, fifth, sixth, and seventh counts, such as the following: "The alleged bonds described in Paragraph 1 of the Fourth Count are illegal and void in that said bonds are a part of an issue of $1,500,000. of bonds purported to be authorized by a certain ordinance of the defendant adopted April 17th, 1928,

and entitled 'An Ordinance providing for the Construction and Equipment of a Pavilion or Building on the Beach Front in Asbury Park, making an Appropriation therefor, and Authorizing the issuance of Temporary Improvement Notes or Bonds to pay for the same,' whereas the statute authorizing such improvement limits the amount of bonds that may legally be issued therefor to the sum of $400,000."

The plaintiffs have moved to strike the answer of the defendant on the ground that it is a sham and have asked that the court enter a summary judgment for the plaintiff.

■ The defenses to each of the seven counts are clearly of no merit. The first paragraph of each defense is to the effect that the defendant has no knowledge or information sufficient to determine whether or not the bonds pleaded were issued, but asks leave to produce its records at the trial to determine the fact. That is no defense. An issue cannot be reached on such pleading. The defendant is a corporate body and in possession of all requisite information to determine the facts concerning the issues of bonds involved here. If the defendant is unable to answer, it is its fault. Its pleas to these counts are not sham, but frivolous, and must be struck from the answer. The second and third paragraphs of the defenses allege that the defendant has no knowledge or information sufficient to form a belief as to the facts alleged by the plaintiffs that they are the owners and holders of certain bonds and coupons thereof and that these have matured and are unpaid. These pleadings likewise raise no issues of fact and are frivolous. Fidelity Mutual Life Insurance Co. v. Wilkes-Barre & Hazelton Railroad Co., 98 N. J. Law, 507, 120 A. 734.

■ The separate defenses in the answer to the fourth, fifth, sixth, and seventh counts contain allegations that the several bonds are void. The statutes relied on to uphold the several separate defenses are evidently P. L. 1900, New Jersey, p. 285, as amended (1 Comp. St. N. J. 1910, p. 1080, § 1767 et seq.) to the separate defense to the fourth count; P. L. 1896, p. 71 (1 Comp. St. N. J. 1910, p. 1077, § 1756 et seq.) to the first separate defense and P. L. 1889, p. 206, as amended and supplemented P. L. 1927, c. 56, pp. 109—111 (1 Comp. St. N. J. 1910, p. 1064, § 1710 et seq., and Comp. St. Supp. N. J. 1930, pp. 217, 218, § 13—1728), to the second separate defense to the fifth count; P. L. 1900, p. 285 (1 Comp. St. N. J. 1910, p. 1080, as amended, § 1767, et seq.) to the sixth count; and P. L. 1900, p. 285 (1 Comp. St. N. J. 1910, p. 1080, as amended, § 1767 et seq.) to the seventh count.

These acts provide that certain municipalities with beach fronting on or near the Atlantic Ocean may issue bonds for the purposes of building pavilions, board walks, streets, and such other construction as would constitute an improvement of the water frontage of resorts. The acts expressly limit the sums for which the bonds may be issued.

The plaintiffs contend that if it is assumed that the bonds were issued in excess of the statutory authority the defendant is estopped to deny the validity of the bonds. They argue that an estoppel may be made out (1) by the provisions of section 10 of P. L. 1916, c. 252, p. 525 (Comp. St. Supp. N. J. 1924, § *136—46001(10); (2) by the recitals in the bonds; and (3) by recognition of the obligation by the defendant after the bonds were issued.

It is unusually difficult in this case to harmonize the statutes relied on by the parties; but it is necessary to attempt to show their meaning in relation to each other in order to determine the ultimate question of whether or not there are facts which constitute an estoppel in this case.

All of the bonds, with which the court is concerned presently, were issued under the temporary loan provisions of the Pierson Bond Act (P. L. 1916, c. 252, p. 525, as amended Comp. St. Supp. N. J. 1924 § *136—46001(1) et seq. Comp. St. Supp. 1930, § *136—46001(1). Section 1 of this act, as amended, Comp. St. Supp. N. J. 1930, § *136—46001(1) empowers a municipality to borrow money and issue its bonds to pay for any improvement which it is authorized by law to make or undertake. Section 13, as amended, Comp. St. Supp. N. J. 1924, § *136—46001(13) authorizes the municipality to issue temporary obligations for any purpose for which it is authorized by the act to issue bonds. These temporary obligations are to be executed as provided for in the case of other bonds (sections 1, 2, as amended, and 7, Comp. St. Supp. N. J. 1924, §§ *136—46001(1), *136—46001(2), *136—46001(7). Section 13 further provides that temporary notes or bonds shall not be subject to the provisions of sections of the act other than sections 12, 14, and 15 (Comp. St. Supp. N. J. 1924, §§ *136—4600 I(12), *136—46001(14), *136—46001(15).

Section 12 provides for statements of the debt condition of the municipality and the method of computing the indebtedness. Among the deductions allowed in determining the net debt of a municipality are those indebtednesses for improvements along the ocean frontage. Section 14 does not appertain to the issues here.

Section 15 (as added by P. L. 1917, p. Comp. St. Supp. N. J. 1924, § *136—4600I (15) provides in part: "This act * * * shall supersede the provisions of all other laws relating to the subject matters hereof and except as otherwise expressly stated herein the limitations and conditions contained in other laws shall not apply to the notes and bonds issued hereunder. * * *"

The separate defenses refer to temporary bonds with detached coupons which were purported to be issued under the applicable provision of the Pierson Act. The bonds in the fourth count were issued for the purpose of temporarily financing the construction of a recreation pavilion; in the fifth, among other unrelated purposes, for reconstructing the boardwalk or construction of other structures on the beach front; in the sixth, for the construction of a pavilion, including apparatus and furnishings; and in the seventh, for buildings, amusement pier, theater, and structures for entertaining the public.

From the face of the bonds, it is obvious that they were issued under the provisions of the Pierson Act. But the defendant argues that these bonds are void for the reason that they could only be issued subject to further statutory provisions limiting the issuance of bonds for the purposes enumerated in them to a specific amount value. It contends, for example, that in the case of the bonds of the fourth count the provisions of P. L. 1900, p. 285, as amended (1 Comp. St. N. J. 1910, p. 1080, § 1767 et seq.) limit the issue to an amount not exceeding the sum of $400,000 and that the bonds of the other counts are subject to the limitations of the statutes cited above.

These statutes were enacted prior to the Pierson Act, save in the case of the supplementary act to P. L. 1889, p. 206, as amended (1 Comp. St. N. J. 1910, p. 1064, § 1710 et seq.). That supplemental act is P. L. 1927, c. 56, pp. 109, 111 (Comp. St. Supp. N. J. 1930, p. 218, § 38—1728). It appears that the act to which the 1927 act is a supplement was repealed by the provisions of section 15 of the Pierson Act.

However, whether or not the 1927 act or any of the acts on which the defendant relies were law at the time the bonds were issued is a question that need not be decided in this case.

The plaintiffs contend that the defendant is estopped to deny the validity of the bonds because of the recitals of the bonds.

It is true as the defendant points out that section 10 of the Pierson Act which provides that the recital in the bonds shall be conclusive as to the contestability of their validity is not applicable to temporary obligations issued under section 13. The statute provides expressly that only sections 12, 14, and 15 of the act apply to these temporary obligations.

But the defendant is estopped to deny the validity of the bonds on the principles of the general law.

These bonds recite that they were issued pursuant to the provisions of the Pierson Act and ordinances of the defendant for purposes for which the defendant was authorized by law to borrow money and issue evidences of its indebtedness. The bonds certify the fulfillment of all conditions required of the defendant and that they were not issued in excess of the limit of the indebtedness of the defendant. The bonds are executed by the properly constituted officers, designated by the law, of the defendant. The amount of the issues of bonds do not appear by referring to their forms. The defendant consistently recognized their validity until default by the payment of interest. The bonds were sold for at least their par value and the proceeds used by the defendant. Apparently, the defendant recognized the validity of the bonds until recently by accepting them at their par value in payment of taxes owed to the defendant.

The question here is not whether or not the defendant had the power to issue bonds for the purposes stated but, if anything, whether or not the defendant issued its bonds in excess of that power.

The law is settled that where the bonds of a municipality show a compliance with the law under which they were issued, the bona fide purchasers of the bonds are not required to determine further if the conditions of the law in the grant of power were fulfilled, and the municipality is estopped, as against bona fide purchasers, to deny a compliance with the law. See vol. 3, United States Supreme Court Digest, Bonds, § 141 et seq.

The facts here are not substantially different from those found in a number of cases in which the Supreme Court held that the municipality was estopped to deny the validity of the bonds. Dallas County v. McKenzie, 110 U. S. 686, 4 S. Ct. 184, 28 L. Ed. 285; Presidio County v. Noel-Young Bond & Stock Co., 212 U. S. 58, 29 S. Ct. 237, 239, 53 L. Ed. 402. The assumed defect in the bonds involved in this case is that they were issued in excess of the value allowed by the law. A purchaser of these bonds was entitled to rely on the recitals which the defendant placed in the bonds. The bonds were executed by the officials designated by the statute and were in every way regular on their face. This language of the Presidio County Case is applicable here: "* * * When, therefore, the county, acting by the commissioners' court, did issue bonds, attested by the seal of the court and the signatures of its officers, and reciting that they were issued under the order of the court, in virtue of the statute named, and were registered,—such recitals fairly importing a compliance, in all substantial respects, with the statute giving authority to issue bonds,—a bona fide purchaser was entitled to accept the recitals as stating the truth, and the county cannot, as against such purchaser, allege the contrary. It will not be heard to say that the bonds were in excess of the amount authorized, or that they were not issued for the purposes contemplated by the statutes referred to. These principles have become firmly established, as will be seen by an examination of the adjudged cases, some of which are cited in the margin." 212 U. S. 65, 4 S. Ct. 184.

The pleadings do not raise the question whether or not the plaintiffs are bona fide purchasers. The plaintiffs have alleged facts sufficient to make out a prima facie case as to that point. Presidio County v. Noel-Young Bond & Stock Co., supra. The defendant has failed in its answer to make an issue of the bona fides of the plaintiffs.

The defendant is under a misapprehension that these bonds were issued under the statutes which the defendant contends limits the power of the municipalities to issue bonds for the purposes enumerated in the statute for more than the amount stated in the statute. The bonds were issued under the Pierson Act. The acts cited by the defendant may be applicable to such issues of bonds and limit the amount of the issues, but they were apparently not so considered. It may be that those acts do not designate officials to ascertain the conditions required by the law. Dixon County v. Field, 111 U. S. 83, 4 S. Ct. 315, 28 L. Ed. 360. But the Pierson Act does designate the officers of the municipality who shall have the power to issue and execute bonds for the municipality. Sections 1, 2, 7; cf. section 13.

Moreover, the bonds in this case do not show on their face the amount of the issue for which they are a part. There is nothing in the bonds to put the purchasers of them on notice. Board of Com'rs of Chaffee County v. Potter, 142 U. S. 355, 12 S. Ct. 216, 219, 35 L. Ed. 1040; Board of Com'rs of Gunnison County v. E. H. Rollins & Sons, 173 U. S. 255, 19 S. Ct. 390, 43 L. Ed. 689; In the Chaffee County Case the court said: "* * * The recital in the bond to the effect that such determination has been made, and that the constitutional limitation had not been exceeded in the issue of the bonds, taken in connection with the fact that the bonds themselves did not show such recital to be untrue, under the law, estops the county from saying that it is untrue. Town of Coloma v. Eaves, 92 U. S. 484 [23 L. Ed. 579]; Town of Venice v. Murdock, 92 U. S. 494 [23 L. Ed. 583]; Marcy v. Township of Oswego, 92 U. S. 637 [23 L. Ed. 748]; Wilson v. Salamanca, 99 U. S. 499 [25 L. Ed. 330]; Buchanan v. Litchfield, 102 U. S. 278 [26 L. Ed. 138]; Northern Bank v. Porter Township, 110 U. S. 608, 4 S. Ct. 254 [28 L. Ed. 258]." 142 U. S. 364, 12 S. Ct. 216.

The motion to strike the answer of the defendant is granted, and a judgment will be entered for the plaintiffs as demanded in the complaint.