**HIDALGO COUNTY ROAD DIST. NO. 1 et al. v. MOREY.**

No. 7374.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1934.

R. D. Cox, Jr., of McAllen, Tex., for appellants.

Howard H. Dunn, of Edinburg, Tex., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellee, a citizen and resident of Kansas, filed his bill in equity in the court below on November 1, 1933, against the county of Hidalgo, Tex., road district No. 1 of that county, the county judge of that county, the commissioners and other officials of that county, and the American Bank & Trust Company, the county depository of that county. The bill alleged that on November 11, 1927, said road district No. 1, being authorized by the voters thereof, issued its bonds in the aggregate amount of $4,000,000, each for the principal amount of $1,000 and bearing interest at 5½ per cent. per annum, maturing serially; that appellee is the owner of nineteen of those bonds, seventeen of which matured on November 12, 1932, the other two maturing on November 12, 1933, with interest coupons attached, maturing, respectively, November 12, 1932, May 12, 1932, and November 12, 1933; that, before such bonds were sold, the commissioners' court of that county duly levied a direct annual ad valorem tax upon all property in said road district sufficient to pay the interest and principal of said bonds at maturity; that there is now, and for a long time has been, sufficient interest and sinking fund money collected for that purpose and now in the possession of said county depository to pay the entire principal and interest due on the bonds owned by appellee, but defendants would not pay the same; that the defendant road district, through its governing body, the commissioners' court, in June, 1933, passed a resolution declaring said entire bond issue fraudulent, null, and void, and expressly repudiating it; that defendant commissioners' court and the members thereof are threatening, intending, and attempting to enter into a contract whereby said entire interest and sinking fund and delinquent taxes will be diverted and dissipated, with the result of leaving no money or funds to pay the bonds owned by the plaintiff, unless said defendants are restrained and enjoined from so doing. The prayers of the bill included prayers that the bonds sued on be adjudged valid; that plaintiff be awarded the amount of principal and interest due thereon; that the interest and sinking fund and delinquent taxes be decreed to be trust funds and subject to a lien thereon in favor of the plaintiff as security for the amount due on his bonds and attached coupons, adjudging that defendants have no right or authority to dispose of or give away the interest or sinking fund or the delinquent taxes, and enjoining them from disposing of such fund or delinquent taxes when collected, except to pay said bonded indebtedness; that necessary warrants and vouchers for the payment of the debt owing to plaintiff be ordered to be issued, and for general relief. Answers filed by the defendants admitted the validity of the issue of bonds of which the bonds sued on were a part; set up that the bond invalidating order referred to in the bill of complaint was, by an order of the commissioners' court made at the November, 1933, special term thereof, retracted and expunged from the minutes of said commissioners' court; alleged the levy and assessment of sufficient taxes to pay the principal and interest of said bonds, but that a decline of property values in 1932 and thereafter, and unusual and adverse economic conditions, had prevented the collection of sufficient taxes to pay the principal and interest of such bonds as they matured; alleged that the inability to collect taxes and the adverse conditions referred to had made imperative a refunding of the bonded indebtedness of the county and its several road districts, and that the commissioners' court was attempting to consummate such a program pursuant to a refunding contract with a creditors' committee, a copy of which instrument was made an exhibit to the answer. The concluding part of the answer follows:

"For all of which reasons Defendants show to the Court that the funds now available in the interest and sinking fund of Road District No. 1 being inadequate and insufficient to pay all of the maturing obligations properly payable therefrom which condition will continue to exist for a number of years, Defendants say that Plaintiff in no event is entitled to have such funds applied to the satisfaction of any judgment that may be awarded to him on matured bonds and interest coupons of said series of bonds of Defendant Road District in any greater amount or ratio than the amount of his debt evidenced by such bonds and coupons bears to the aggregate indebtedness evidenced by

matured bonds and interest coupons of said four million dollar series.

"Premises considered, Defendants pray that Plaintiff take nothing by his Bill of Complaint and in the alternative if entitled to judgment on said bonds, that Plaintiff be denied all equitable relief sought in his Bill of Complaint, and in the further alternative if entitled to any judgment on said bonds and any equitable relief in addition thereto that Plaintiff be decreed to be entitled to participate in the interest and sinking fund now in said bank only to the extent of the proportionate amount his judgment bears to the present matured obligations of said District."

After the filing of the answer, the defendants filed a motion that the cause be transferred to the law docket. That motion contained allegations to the effect that defendants do not dispute the validity of the bonds sued on, and admit that said bonds are valid obligations of defendant road district No. 1. The court denied that motion.

The evidence showed the following: Long prior to the commencement of the suit, appellee was the owner of the bonds and coupons sued on. Before the suit was brought, he demanded payment of those bonds and coupons, and that demand was refused. Pursuant to the requirement of a statute (Rev. St. Tex. 1925, art. 738), the commissioners' court of Hidalgo county levied annual taxes sufficient to pay the interest on the bonds which included those sued on and to provide a sinking fund to pay those bonds at maturity. From the proceeds of such levies for the year 1931 and preceding years, all interest on the bonds issued, including the semiannual interest due May 11, 1932, together with all administrative expenses connected with the bond issue, was paid, and on May 31, 1932, there was a balance of $37,193.93 in the interest and sinking fund of road district No. 1. Between that date and November 1, 1933, collections of taxes for the year 1931 and preceding years increased that balance to the sum of $94,051.09. Subsequent collections of taxes, exclusive of those levied for the year 1933, brought the amount of the sinking fund to the sum of $194,051.09 on November 1, 1933. Prior to the last-mentioned date, $7,000.00 of the $100,000.00 of bonds which matured on November 12, 1932, had been acquired by road district No. 1 and retired. For a reason indicated below, it is not deemed necessary to set out evidence as to amounts—collections under the levy made for the year 1933 and on delinquent taxes levied for previous years—which were applicable to the payment of interest on the bonds issued and $100,000 of the principal thereof falling due in 1933. What was referred to in the answer as a refunding contract with a creditors' committee was a written instrument setting out provisions as to refunding bonds issued by Hidalgo county and by the several road districts of that county which instrument was signed by officials of that county and of its several road districts, but was not signed by or in behalf of a committee purporting to represent holders of any bonds which were the subjects of such refunding provisions or by or in behalf of any creditor of Hidalgo county or of any of its road districts; and, so far as appeared, no creditor of Hidalgo county or of a road district thereof became bound by any provision contained in that instrument. By the decree rendered the court awarded to appellee the sum of $20,692.94, the amount of principal and interest due on the bonds and coupons sued on; directed that the sum of $19,321.39, the amount of principal and interest due on the sued on bonds which matured on November 12, 1932, be paid in cash out of the $194,321.39, which at the time the decree was rendered was on deposit in the interest and sinking fund of road district No. 1; ordered the issue and delivery to the appellee of the legal and necessary warrants, vouchers, or checks on the defendant county depository for said sum of $19,321.39, and that said county depository, upon presentation of said warrants, vouchers, or checks ordered to be issued, forthwith pay said sum of $19,321.39; and ordered that the balance due appellee under the decree be paid to him from time to time out of tax money and funds now or hereafter collected or derived out of the various tax levies heretofore made for the payment of said bonded indebtedness, and that the appellee shall share ratably in such funds as the same are paid in and become available until said balance is paid in full.

■■ In support of an assignment of error based on the denial of the motion that the cause be transferred to the law docket, counsel for the appellants contends in effect that, upon appellants admitting the validity of the bonds sued on, the suit became primarily a legal action for the recovery of principal and interest due on those bonds, and no equitable relief was necessary. There was no attempt to show that prior to the filing of the bill the defendants admitted the validity of the bonds sued on, or that there had been any retraction or cancella-

**104**

tion of the order of the governing body of the maker of those bonds·declaring the entire issue of which those bonds were a part to be fraudulent, null, and void, and repudiating it, or that at any time was there a concellation or revocation of an order made on April 10, 1933, by the commissioners' court of Hidalgo county, that no payments or disbursements out of the interest and sinking fund money of road district No. 1, be made pending the working out of a therein referred to refunding program in which the county was engaged. A fund created pursuant to statute to be used in paying the interest and principal of bonds issued by a public body is held in trust for the bondholders, and a court of equity has jurisdiction to protect and enforce the rights of the bondholders in or to such fund. City of Austin v. Cahill, 99 Tex. 172, 88 S. W. 542, 547, 89 S. W. 552; Maenhaut v. New Orleans, Fed. Cas. No. 8,939, 2 Woods, 108. A court of equity properly may intervene and afford appropriate relief when it is made to appear that the rights of bondholders in such a trust fund are interfered with or threatened. Union Pacific Ry. Co. v. Chicago, etc., Ry. Co., 163 U. S. 564, 600, 16 S. Ct. 1173, 41 L. Ed. 265; Puget Sound Power & Light Co. v. City of Seattle (D. C.) 271 F. 958, 964. Allegations and proof·showed that at and prior to the time of the filing of the bill rights of the appellee in the trust fund in question were gravely threatened by conduct of the governing body of road district No. 1, a party defendant. Equitable jurisdiction having existed at the time of the filing of the bill, it was not lost as a result of the fact that after the bill was filed an adequate legal remedy may have become available. Dawson v. Kentucky Distilleries Co., 255 U. S. 288, 296, 41 S. Ct. 272, 65 L. Ed. 638.

■ The decree under review is not subject to be challenged by the appellants on the ground that the funds applicable to the payment of principal and interest of bonds of road district No. 1, which became due in the year 1932, were not prorated between appellee and the holders of other bonds of that district, interest and principal of which matured in that year. No holder of such other bonds having asserted such claim, or asked that the funds be marshaled, it was not competent for the appellants, in behalf of the debtor, to make the objection under consideration. City of Galena v. Amy, 5 Wall. 705, 18 L. Ed. 560; City of Austin v. Cahill, 99 Tex. 172, 88 S. W. 542, 546, 89 S. W. 552.

■■ The appellants complain of the decree·because of the inclusion therein of provisions ordering and directing officials of Hidalgo county to issue and deliver to the appellee proper warrants, vouchers, or checks for the amount awarded to appellee, and ordering and directing the defendant county depository to pay such warrants, vouchers, or checks upon the presentation thereof. The ground of that complaint is that the referred to part of the decree awards mandamus or legal relief in a suit in equity. The equitable jurisdiction of the court having attached upon the filing of the bill, it was competent for the court to proceed to a final determination of all matters involved, and in doing so to grant legal remedies. McGowan v. Parish, 237 U. S. 285, 296, 35 S. Ct. 543, 59 L. Ed. 955; Hartford Accident Co. v. Southern Pacific, 273 U. S. 207, 47 S. Ct. 357, 71 L. Ed. 612; 21 C. J. 138. Equity Rule 8 (28 USCA § 723) does not purport to abridge the just stated power of the court.

Other grounds on which a reversal of the decree was sought do not justify comment. On no ground urged is the decree subject to be reversed. The decree is affirmed.