**DONNA IRR. DIST., HIDALGO COUNTY, NO. I, et al. v. WEST COAST LIFE INS. CO.**

No. 9901.

Court of Civil Appeals of Texas. San Antonio.

March 17, 1937.

Rehearing Denied April 14, 1937.

Strickland, Ewers & Wilkins, and R. D. Cox, Jr., all of Mission, for appellants.

Baker, Botts, Andrews & Wharton and Palmer Hutcheson, all of Houston, for appellee.

SLATTON, Justice.

West Coast Life Insurance Company filed its petition in the Ninety-Second district court of Hidalgo county, Tex., alleging it was the owner of matured in-

terest coupons aggregating $2,000, accrued on ten bonds issued by Donna Irrigation District, Hidalgo County, No. 1. The petition alleged that it was a bona fide holder of said. bonds, having paid value therefor, and relied on certain recitations that said bonds were good and valid. It was alleged that the .district had issued certain refunding bonds, and was attempting to apply to the payment of such refunding bonds, interest and sinking funds that had been levied and collected to service the issue of which the Life Insurance Company's coupons were part.

It also alleged that in event such tax levies had not been made and sufficient funds were not available out of said tax levies to pay said bonds, the officers of said district should be required to levy, assess, and collect such additional taxes as were necessary; praying for an injunction and a mandamus, and that it was without adequate remedy except through these writs. ·

The trial court ordered the clerk to give notice to the defendants to appear and show cause, on September 2, 1935, why the relief prayed for should not be granted to the complainant. Donna Irrigation District, Hidalgo County, No. 1, together with its officers, filed, on August 30, 1935, their verified answer in which they presented a general demurrer and a general denial, and special pleas of admission. The tax levies made and required to service the district's indebtedness, the facts as to the outstanding indebtedness of the district, were admitted by the answer, and it specifically alleged that the Reconstruction Finance Corporation had purchased a large amount of the bonds, upon which the principal and interest was matured and unpaid, and further alleged that the collection of such funds had been made by the district and placed in one common interest and sinking fund account, for servicing all of said bond issues, without distinction or classification, and prayed that the Insurance Company take nothing by its suit, and that it be denied all relief sought, and, in the alternative, that such payments be ordered only on a pro rata basis and in the ratio and proportion which the Insurance Company's matured interest coupons bear to all the outstanding matured and unpaid bonds and interest coupons of the district. The district and its officers pleaded that in such fund there was not more than $2,500.

The pleadings of all parties were duly verified, and the Insurance Company, by supplemental petition and in reply to defendant's answer, pleaded, by demurrers, general and special.

The trial court, on September 20th, after a full hearing on said demurrers and exceptions, sustained the demurrers and exceptions directed by the Insurance Company to the district's answer, denied the petition of the Reconstruction Finance Corporation for leave to intervene, and, without hearing any evidence, rendered judgment awarding to appellee a peremptory writ of mandamus, ordering and directing the appellant district and its officers to pay to plaintiff the amount due upon its coupons, amounting to $2,000. The appellants duly excepted and gave notice of appeal.

We have not attempted to recite all the material allegations of the pleadings of the parties; suffice it to say that the appellee well pleaded its right to entitle it to a writ of mandamus; and we have concluded, after a consideration of the pleadings of the appellee, as well as the pleadings of appellants, that the trial court correctly awarded appellee a writ of mandamus requiring the district and its officers to pay it the matured coupons on the bonds of the district owned and held by it.

■ The first and second propositions of appellants complain of the trial court's entry of the judgment awarding mandamus, without evidence, in the face of their denial under oath of many portions of the pleadings of appellee. We have examined and re-examined the various pleas of appellants and find that they admit every material allegation in the appellee's complaint which is necessary for the trial court to grant the writ of mandamus. It is true that they make a general denial under oath, but we understand the rule to be that a general denial of a petition for mandamus is not a proper answer. May, County Attorney, v. Finley, Comptroller, 91 Tex. 352, 43 S.W. 257; Sansom v. Mercer, 68 Tex. 488, 494, 5 S.W. 62, 2 Am.St.Rep. 505.

The appellants, in answer to other portions of appellee's pleading, answered merely: "do not have any information by which it can either admit or deny said allegations." We do not believe that this is a sufficient traverse of an alleged fact that would require in a mandamus

suit proof thereon. Christmas v. City of Asbury Park (D.C.) 10 F.Supp. 22.

It seems to have been the theory of the appellants that because there were other outstanding bondholders of the district bonds, which had matured and interest coupons thereon were in default, and that the sinking fund maintained by the district arose from a levy of taxes made for the purpose of servicing all of the outstanding bonds of the district, that the appellee should only be paid pro rata with all the creditors of the district within the same class.

This contention was urged, and overruled by our Supreme Court, in the case of Voorhies v. Mayor of Houston, 70 Tex. 331, 7 S.W. 679, 683, and in disposing of this proposition our Supreme Court says: "When, however, there is a means through which all the creditors may be paid in full, the reason for directing a pro rata payment does not exist, and that one creditor, by the exercise of a higher degree of diligence than exercised by another, may secure payment at an earlier day than does the other, furnishes no reason why such other creditor, much less the debtor, should be heard to complain because a pro rata payment was not directed."

The Supreme Court cited as an authority the case of City of Galena v. Amy, 5 Wall. 705, 709, 18 L.Ed. 560, stating that in that case the Supreme Court of the United States approved the issuance of a writ of mandamus in the face of a contention that "it was error not to direct the taxes directed to be collected to be distributed among all the creditors holding similar claims."

To the same effect, Hidalgo County Road District No. 1 v. Morey, 74 F.(2d) 101 (C.C.A. Fifth).

As was stated in Pape v. St. Lucie Inlet District and Port Authority (C.C. A.) 75 F.(2d) 865, 869: "First come, first served, is the general rule particularly in mandamus suits, to subject such funds to the payment of particular bonds."

Another interesting case which sustains our view is found in State ex rel. Buckwalter v. City of Lakeland, 112 Fla. 200, 150 So. 508, 90 A.L.R. at page 704.

In view of the pleadings of the appellee, duly verified, as aforesaid, and the answer of appellants, we are of the opinion that the trial court correctly granted the appellee its writ of mandamus.

We next consider as to whether or not the trial court abused its discretion by its refusal to allow the Reconstruction Finance Corporation to file its petition in intervention. The record shows that the motion for leave to intervene was not filed or presented by the Reconstruction Finance Corporation until the appellee's demurrers to the district's answer had been sustained. The position of the Reconstruction Finance Corporation was known to the district on August 30, 1935, more than twenty days before the hearing on the demurrers. In this situation, we are of the opinion that the trial court did not err in its refusal in permitting the intervention of the Reconstruction Finance Corporation. The petition of the Finance Corporation alleged that it was the owner and holder and purchaser for value, of certain bonds issued by the district, which bonds are more particularly described in Schedule A attached thereto, and made a part of its petition. The schedule shows bonds of several different series in addition to the 1919 series, out of which appellee secured the bonds held by it. The prayer of the Finance Corporation was not for a writ of mandamus, such as was prayed for by the appellee, but merely that it be entitled to share equally and ratably in the funds involved herein.

A like situation was before this court in the case of O'Brien v. First State Bank & Trust Company, 239 S.W. 715, 716. The court said:

"Appellee alone has the right to a recovery on its evidences of debt, and appellant has no right to mix in its affairs and perchance hinder or delay it in its legal efforts to obtain its rights through the courts of the country.

"This is a case in which the debts of numerous parties, assumed by Eckhardt, are involved, and yet appellant desires to intervene, not to recover against any of the parties plaintiff or defendant, but for the purpose of overseeing appellee and compelling it to prorate certain moneys possibly to be realized from certain properties to appellant."

There being no reversible error in the record, the judgment is affirmed.