**Louie WELCH et al., Appellants,**

**v.**

**John W. OVERTON et al., Appellees.**

**No. 7807.**

Court of Civil Appeals of Texas.

Texarkana.

May 9, 1967.

Rehearing Denied May 30, 1967.

Wm. A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor, Houston, for appellants.

Will Sears, Sears & Burns, Houston, for appellees.

DAVIS, Justice.

Plaintiffs-appellees, John W. Overton, William E. Averyt and Paul B. Kennedy, sued defendants-appellants Louie Welch, Mayor of the City of Houston, Henry Kriegel, Director of the Treasury and Treasurer of the City of Houston, Roy B. Oakes, City Controller of the City of Houston, A. T. Krook, Director of Public Utilities of the City of Houston, W. B. Barfield, Clerk of the Corporation Courts of the City of Houston, and the City of Houston, a Municipal Corporation. In plaintiffs' verified petition, they alleged that they were the holders of classified civil service positions of the City of Houston; that they were unlawfully discharged, or laid-off, by Mayor Welch in violation of Art. Va of the Charter of the City of Houston. The parties will be referred to as plaintiffs and defendants.

Plaintiffs prayed for judgment for their restoration to the employment under the civil service laws, for their salary, for a writ of mandamus compelling Defendant Welch to set aside his order dated January 22, 1962, discharging them 'from their employment and commanding him to direct that all administrative action be taken to restore each of the plaintiffs to their respective positions, and for a writ of mandamus against each of the defendants requiring them to issue vouchers and warrants to pay plaintiffs their salaries from the date of discharge.

Plaintiffs also sought a writ of injunction enjoining and restraining Defendant Welch from terminating each plaintiffs' employment with the City of Houston, except in strict accordance with the provisions of Section 3 of Art. Va of the City Charter of the City of Houston.

Plaintiffs also sought judgment against the City of Houston determining and declaring that the orders made by Defendant Welch on January 22, 1964, were wholly null and void and ineffective to separate the plaintiffs from their civil service employment with the City of Houston and determining and declaring that each plaintiff is entitled to be paid the salary apper-

taining the salary to his position from and after January 29, 1964.

Plaintiffs alleged in their sworn petition that only the City Council, when acting in good faith, was empowered to abolish their civil service positions and that no such abolition had ever taken place.

Plaintiffs' petition was filed in the District Court on February 27, 1964. Defendants only filed a general denial on March 11, 1964. On October 17, 1965, defendants filed their first amended original answer in which they filed a general denial, special denials and a special answer.

The case was tried before a jury. During the trial, after the plaintiffs had offered all of their evidence, the defendants asked leave of the court for permission to file their trial amendment No. 1 in which they sought to allege the provisions of an excerpt from the "1958 Code of Ordinances of the City of Houston Charter, 8 Civil Service, Art. II, Rules, Section 8–88, 'What Constitutes a Lay-off' ". Section 8–88 reads as follows:

"When a position is abolished through re-organization of a department or reassignment of duties, or is discontinued by reason of lack of work or funds, or other good cause, the incumbent of that position shall be so notified and at the stated time his salary and work shall cease. This shall constitute a layoff. It shall be for reasons not reflecting discredit upon the employee and *the department head* shall so notify the employee in writing at least five days in advance of the layoff, and a copy of the layoff notice forwarded promptly to the director. A suspension, dismissal, or discharge shall not constitute a layoff and vice versa. Every layoff shall be subject to review of the commission." Emphasis added.

The trial court denied the request and the defendants excepted. After all the plaintiffs' evidence was in and Mayor Welch had testified for defendants, the defendants requested permission to file their trial amendment No. 2, in which they pled Ordinance 64–1289. The ordinance was passed on July 14, 1964, and approved by Mayor Welch on July 14, 1964. This case was called for trial on June 21, 1966, almost two years after this ordinance was passed. The defendants were given permission to dictate a motion to file trial amendment No. 2 in the absence of the jury. The following took place:

"THE COURT: Mr. Bouldin, you may go on and dictate whatever motion you want to dictate.

"MR. BOULDIN: Now come defendants herein and with leave of the Court first had filed their trial amendment to their first amended answer and would thereby show the Court, in addition to the matters set forth in said first amended original answer, and also in addition to the first defendants' trial amendment, the following:

"In the alternative, the defendants would show and by Ordinance No. 64–1289, which is as follows (see Defendants' Exhibit No. 2 herein) was duly enacted by the City Council of the City of Houston, Texas, said ordinance being No. 64–1289, dated July 14, 1964, passed by the Council on July 14, 1964, and approved by the mayor of the City of Houston on the 14th day of July 1964; that said ordinance, or its contents, was duly passed by the City Council of the City of Houston, Texas, and was approved by the mayor of the City of Houston, Texas.

"Wherefore, defendants pray that this trial amendment, with the leave of the Court, be filed and that this motion or leave to file such trial amendment be granted by the Court. The defendants, each and all, now move the Court to allow the filing of such trial amendment.

"Wherefore, defendants pray that said motion be granted and that plaintiffs take nothing herein and that defendants

go hence without day and recover all costs on their behalf expended."

After the motion was dictated, arguments were presented to the court in which it was pointed out by plaintiffs' counsel that it had been almost two years since the purported ordinance was passed and he told the trial court that it injected an issue that was decided in City of San Antonio v. Wallace (1960), 161 Tex. 41, 338 S.W.2d 153. He tried to point out to the court that the pleading came too late. Be that as it may, the record goes on to show:

"THE COURT: Gentlemen, do you have a stipulation concerning the oral dictation of defendants' motion for leave to file trial amendment?

"MR. SEARS: Yes, sir. The record may show that the plaintiffs have no objection to the defendants' trial amendment No. 2, having been dictated into the record instead of being filed in writing, provided the court reporter transcribes it within reasonable time, counsel signs it and we are furnished a copy.

"THE COURT: Is that stipulation agreeable?

"MR. BOULDIN: Yes, sir.

"I would like for the record to show, or the reporter in drawing it up to show our last trial amendment as No. 2. We have two in the record. I want to be sure that it is clearly identified.

"THE COURT: Defendants' motion for leave to file Trial Amendment No. 2 is granted, and subject to the stipulation the reporter will reduce it to writing and make it a part of the record in the case.

"MR. SEARS: To the action of the Court in granting the leave we formally except, Your Honor."

■ Apparently, the court reporter never did transcribe the pleadings, attorneys for defendants never did sign them, they were not filed with the District Clerk, nor brought forward in the transcript, and counsel for plaintiffs were never furnished a copy. Trial Amendment No. 2 cannot be considered by this court. Rule 45, Texas Rules of Civil Procedure; Rule 57, T.R.C. P.; Needham v. Cooney (Tex.Civ.App. 1915), 173 S.W. 979, err. ref.; Early v. Burns (Tex.Civ.App.1940), 142 S.W.2d 260, err. ref.; Rio Grande Oil Company v. Barker (Tex.Civ.App.1924), 257 S.W. 967, n. w. h.

The defendants filed a motion for instructed verdict when the plaintiffs rested their case and another motion when all the evidence was in. Both motions were overruled. The plaintiffs filed a motion for the court to withdraw the case from the jury and render judgment in their favor because there were no questions of fact to be decided and the whole case rested upon a proposition of law. This motion was granted. The defendants have perfected their appeal and bring forward 8 points of error.

By their points 1 through 6, defendants say the trial court erred in overruling their motion for instructed verdict because there is no evidence, or insufficient evidence, that any of the defendants unlawfully violated any charter provision of the City of Houston by laying off the plaintiffs from their civil service positions; that the evidence conclusively shows that there was substantial evidence to support the finding of the Civil Service Commission in upholding the action of defendant Mayor Welch, and because the evidence showed Mayor Welch acted in good faith for efficiency and economy and for the best interest of the City of Houston.

Mayor Welch took office on January 2, 1964. On January 16, 1964, defendant Kriegel wrote two letters, identical in content, the first addressed to defendant Barfield, and the other addressed to defendant Krook. In neither of these letters was any mention made of a job or position

being abolished. Barfield and Krook, as department heads, were simply directed by Kriegel to notify the plaintiffs that they were no longer on the payroll after January 17, 1964, by virtue of instructions from Mayor Welch.

On January 22, 1964, Mayor Welch wrote letters to each plaintiff, in identical wording, except for the positions that were held by the three plaintiffs. The letter written by Mayor Welch to plaintiff Overton will serve as an example:

"CITY OF HOUSTON
Inter Office Correspondence

"TO    Mr. John W. Overton          From          Mayor

                                    Date          January 22, 1964

                                    Subject       Elimination of job

"A careful review of the Corporation Courts Department organization with your Director, Mr. W. B. Barfield, has led us to the conclusion that your position is to be abolished through re-organization of the department, involving the re-assignment of your duties to other members of the department. This is being done in the interest of more effecient and economical operation of the department.

"Accordingly, you were notified verbally on Friday, January 17, 1964, that your job was abolished as of the close of business on that date and that your employment would be terminated coincident with elimination of your job.

"Under Section 8–88 of the City Code, you are entitled to a written notice of lay-off five days in advance of actual termination of employment. Therefore, you will be paid through January 29, 1964, five working days after this written notice was delivered to you.

"Your employment records with the City will indicate that your lay-off resulted from re-organization of the department as contemplated by Section 8–88 of the City Code so as not to affect adversely your employment opportunities with the City of Houston.

                                    /a/ Louie Welch

                                    Mayor"

———◆———

These letters were probably the result of studying the charter requirements for removal of civil service employees from their positions. The plaintiffs exhausted their administrative relief by appealing to the Civil Service Commission. It is an admitted fact that the City of Houston is a "Home Rule City", and the plaintiffs were civil service employees and held positions duly created by ordinance of the City of Houston. Only the City Council of the City of Houston had the power, when acting in good faith and under the conditions and restrictions set down by law, to abolish any office or position. The City Council had not abolished any of the three positions held by the plaintiffs. There was no charge of malfeasance or misfeasance against either one of the plaintiffs shown in the letter by Mayor Welch. Each of the plaintiffs denied, under oath, the truth of Mayor Welch's statement concerning the

termination of their employment and the ostensible reasons given therefor. Plaintiffs charged that Mayor Welch's assertion that the "job was abolished" was nothing but a sham and a pretense in an effort to illegally circumvent the Civil Service provisions of the City Charter. Mayor Welch never filed with the Civil Service Commission a statement of the suspension of the plaintiffs giving the reasons therefor. The Civil Service Commission upheld the action of Mayor Welch. The plaintiffs then filed their suit in the District Court.

The defendants have not cited an article of the Constitution or Statutes, a provision of the City Charter, nor a decision to uphold the action of Mayor Welch in abolishing these positions and discharging the employees. It was shown by the evidence that two forms were issued on January 30, 1964, to plaintiffs Averyt and Kennedy showing that they had been "discharged". Hiram T. Downard, Jr., Director of the Civil Service Department, had the forms changed to show that Averyt and Kennedy were "laid-off". In the first form that was issued, it showed that the duties of Averyt and Kennedy had been "assigned to others". The other form showed the "lay-off" would be "due to re-organization of the department involving the re-assignment of the employees' duties to other employees of the department". Be that as it may, Mayor Welch did not have the authority to "lay off" the civil service employees. Section 8 of Article VII of the City Charter of the City of Houston reads as follows:

"*The City Council shall,* consistent with the provisions of this act, have power to establish any office that may in its opinion be necessary or expedient for the conduct of the city's business or government, and may fix its salary and define its duties; provided, however, that all offices established by the Council shall be subject to discontinuance or *be abolished by the Council* at any time, and any incumbent of any office, except the Controller, may be removed at any time by the Mayor, with or without the concurrence of the Council; and in no case shall any officer or employee of the city be entitled to receive any compensation or emolument of any office which may be abolished, or from which he may be removed, except for services rendered to the date when the office was abolished or the incumbent removed." Emphasis added.

See Bryan v. Sundberg (1849), 5 Tex. 418; Crosthwait v. State (1940), 135 Tex. 119, 138 S.W.2d 1060; Taylor v. Goodrich (1897), 25 Tex.Civ.App. 109, 40 S.W. 515; Gabel v. City of Houston (1867), 29 Tex. 335; City of Austin v. Thompson (1949), 147 Tex. 639, 219 S.W.2d 57; Foster v. City of Waco (1923), 113 Tex. 352, 255 S.W. 1104. Only the City Council of Houston, while acting in good faith, under the provisions of the Constitution of the State of Texas, the Civil Statutes and the Charter of the City of Houston, may abolish the position of a classified position of the Civil Service employees by an ordinance duly enacted.

The trial judge, Hon. Warren P. Cunningham, in withdrawing this case from the jury and rendering judgment for the plaintiffs, had this to say:

"I have ruled in accordance with the law of Texas that when a civil service system has been established in a city such as the City of Houston that the mayor has no authority to abolish any civil service position. I am convinced that the law of Texas requires an ordinance passed by City Council abolishing the position."

(Note: There is an interesting article by Hon. Trueman O'Quinn, now Associate Justice of the Third Court of Civil Appeals in Austin, formerly City Attorney of Austin, on the "History, Status, and Function of Cities, Towns and Villages", Title 28 of Vernon's Civil Statutes that appears in Volume 2A, pages XIII to XXXVIII.)

The defendants take the position in their brief that the case of City of San Antonio v. Kneupper (1960), 161 Tex. 153, 338 S. W.2d 121, and City of San Antonio v. Wallace (1960), 161 Tex. 41, 338 S.W.2d 153, are not in point. Although these cases involve policemen and were decided under the provisions of Art. 1269m, Vernon's Ann.Civ.St., the holdings of the Supreme Court are direct in point in these cases. The policemen and the civil service employees in this case, all were civil service employees. The law as announced in the Kneupper and Wallace cases is in point here. We hereby cite these cases in support of our holdings.

■ Under the pleadings, it was the duty of the defendants to prove the action taken was legal. This, they could not do. It was also the defendants duty to prove that they acted in good faith and for the efficiency, economy and best interest of the City of Houston. This, they did not do. For the witnesses to merely state that the action was taken for the efficiency and economy and best interest of the City of Houston is not sufficient. The defendants should have proved that the jobs were not necessary, that they could be operated for less money by other employees and that it would be more satisfactory to the public in general. The plaintiffs offered the evidence by the City Controller from the annual report, which showed that for the year 1963, the total revenues collected amounted to $71,679,164.87. That the total expenditures amounted to $68,654,036.38, leaving a balance (or surplus) of $3,025,128.49. That in the year 1964, the total revenues collected amounted to $74,579,162.46. The total expenditures amounted to $76,470,473.79, leaving a deficit of $1,891,411.33. Therefore, the total expenditures for the City of Houston for the year 1964, (the year the civil service employees were laid off) amounted to $7,816,437.41 more than it amounted to for the year 1963, while the employees were working. The points of error are overruled.

■ By their 7th and 8th points of error, defendants say the trial court erred in denying the motion for request to file their trial amendment No. 1, and refusing to let them file the same. They only cite the cases of Shaw v. Tyler Bank and Trust Company (Tex.Civ.App.1955), 285 S.W.2d 782, w. r., n. r. e. and Galaviz v. Langdeau (Tex.Civ.App.1961), 352 S.W.2d 352, n. w. h. in supporting of their contention. These cases are not in point. Section 8–88 of the City Charter of the City of Houston was a part of the same when the employees were laid off. If they had wanted to rely upon it, they should have pled it long before. But Section 8–88 does not either expressly, or impliedly, confer upon the Mayor of the City of Houston the right to "abolish" a position or "lay off" a civil service employee. Even if the defendants had been permitted to plead the ordinance, it would not have availed them anything. Rule 66, T.R.C.P., and the authorities cited thereunder. The points are overruled.

■ Many of the facts alleged by the plaintiffs in their sworn petition for mandamus were not specially denied by the defendants. A general denial is not sufficient and such facts are admitted. City of Houston v. Freedman (Tex.Civ.App.1956), 293 S.W.2d 515, err. ref., n. r. e.; Town of Pearsall v. Woolls (Tex.Civ.App.1899), 50 S.W. 959, n. w. h.; Burglmeister v. Anderson (1924), 113 Tex. 495, 259 S.W. 1078; City of San Antonio v. Routledge (1907), 46 Tex.Civ.App. 196, 102 S.W. 756, err. ref. The pleadings were held to be insufficient in Donna Irrigation District v. West Coast Life Insurance Company (Tex.Civ. App.1937), 103 S.W.2d 1091, n. w. h.

The judgment of the trial court is affirmed.