**O. J. COLE, Appellant,**

v.

**CITY OF HOUSTON et al., Appellees.**

**No. 238.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 14, 1969.

Rehearing Denied June 11, 1969.

446

Danny R. Edwards, Houston, for appellant.

William A. Olson, City Atty., F. William Colburn, Asst. City Atty., Houston, for appellees.

BARRON, Justice.

This suit was brought by O. J. Cole as plaintiff, against the City of Houston and Honorable Louis Welch, as Mayor, defendants. The purpose of the suit was to seek reinstatement to plaintiff's former position with the City of Houston and for back wages, sick leave and vacation pay as had allegedly accrued, the basis of the suit being that the plaintiff had been improperly, arbitrarily and illegally discharged by the Mayor, acting in an administrative capacity, and without the enactment of a proper ordinance as is allegedly required to discharge an employee covered by civil service regulations for the City of Houston.

Plaintiff was discharged by the Mayor on or about January 22, 1964, the Mayor notifying plaintiff by letter of the same date that his job was to be abolished. Plaintiff's job was terminated as of January 29, 1964. Thereafter, an appeal was perfected by plaintiff to the civil service commission of the City of Houston, which affirmed the abolition of the position by the Mayor. By Ordinance No. 64–1871 adopted by the city council of the City on September 23, 1964, the position formerly held by plaintiff with the Department of Public Works was abolished by ordinance passed by city council. More than one and one-half years later, and over two years after his actual termination, on April 18, 1966, plaintiff filed this suit against defendants. On July 23, 1968, trial on the merits began before a jury in the district court of Harris County, Texas, resulting in final judgment which was entered by the trial court on October 28, 1968.

The jury found in response to special issues submitted that plaintiff, O. J. Cole, was given an oral examination by Sherwood Crane, Director of the Department of Civil Service; that O. J. Cole was not given written notice of the abolition of his job by the city council after January 30, 1964 and before September 24, 1964; that an eligibility list for the position of Director of Automotive Equipment was established before December 20, 1960, and that such position was filled about December 20, 1960 from the eligibility list as established.

The trial court rendered judgment in favor of plaintiff for the total sum of $11,-395.86, being salary which would have accrued to plaintiff from the date of his dismissal up to the time of the passing of Ordinance No. 64–1871 on September 23, 1964 abolishing the position held by plaintiff, and which sum includes sick leave and vacation pay, together with interest at 6% per annum from date of judgment. Both plaintiff and defendants timely excepted to the judgment of the trial court and all parties have appealed. By cross-points of error the City and Mayor Welch contend that Cole was not a member of the Civil Service System for municipal employees; that the verdict of the jury is without support in the evidence and is against the overwhelming weight and preponderance of the evidence; that the trial court erred in failing to sustain the City's plea to the jurisdiction; that the trial court erred in failing to hold that the cause of action was barred by the two-year statute of limitations, and that it was error to fail to allow the City to offset the extent of the actual earnings by plaintiff during the above period of time.

Appellant, Cole, contends that he was entitled to interest from the date of his alleged unlawful discharge; that he should

have been permitted to prove punitive damages and to prove the bad faith of the City of Houston through its city council in abolishing plaintiff's job position. It is contended further that plaintiff's recovery should have been allowed from the date of his discharge until date of trial, that the ordinance of September 23, 1964 was void as not being in compliance with ordinances and the charter of the City, that the court erred in failing to order reinstatement to plaintiff's former position, and that the court erred in denying attorney's fees.

We first consider the contention that plaintiff was not a member of the civil service system for municipal employees of the City of Houston. In 1913, the City of Houston adopted the applicable Article Va of its charter, known as the Civil Service Amendment. There have been various amendments to date, but the applicable charter provisions may be found in Holcombe v. Levy, Tex.Civ.App., 301 S.W.2d 507 at pages 511 to 513, which is referred to. Needless to say, the civil service has as its general object and purpose the elimination of the spoils system, and its foundation principle is that appointments to municipal offices or employments must be made according to merit and fitness to be ascertained generally by competitive examination and must be on a non-political basis. See Ellis v. Holcombe, 69 S.W.2d 449, (Tex.Civ.App.), writ ref.

The record shows that plaintiff was employed by the City in December of 1960 as Director of Automotive Equipment to head up the motor vehicle repair operations. The position was created by ordinance in 1960. He worked directly under the supervision of Eugene Maier, Director of Public Works for the City. Prior to his original employment, plaintiff was orally examined by Mr. Maier, then Mayor Cutrer, Mr. Sherrill who was the Mayor's executive assistant, and by Mr. Sherwood Crane, then Director of Civil Service for the City. Plaintiff was retained in such position with the City until January 29, 1964, and on January 22, 1964, he received a letter from Mayor Welch stating that his position was being abolished by reason of reorganization of the department involving the reassignment of duties to other members of the department. The letter was written under the authority of Sec. 8–88 of the city code, which provides that under the circumstances mentioned in the letter, the job incumbent shall receive at least five days notice and that his work shall cease at the stated time with no reflection of discredit upon the employee involved. A copy of the layoff notice is forwarded to the Director of Civil Service and the action taken is subject to review by the civil service commission. On plaintiff's request, the civil service commission held a hearing concerning the layoff and upheld the Mayor's action on April 20, 1964.

After the oral examination above, request for certification of plaintiff to the civil service commission was made, and the plaintiff was certified. The records reflect and the testimony of the acting director of civil service show that during his tenure with the City, O. J. Cole received all the benefits accorded to civil service employees, and his position was listed as permanent. The charter provisions expressly exclude those positions not classified under civil service, the excluded positions being city attorney and his assistants, city engineer, chief of police and various other heads of departments. The position of plaintiff was not an excluded position. Mr. Maier, plaintiff's immediate superior, stated that when plaintiff was employed a search was being made for a person with specific and substantial qualifications for the position of responsibility and one which was not to be considered temporary but permanent. He further stated that Cole was given an oral examination to determine his qualifications, and that Mr. Cole was the only available man with the necessary qualifications for the job. Mr. Lanier, the present Director of Civil Service, stated that all professional people were hired without written examinations and that the hiring of Mr. Cole was handled in a rou-

tine manner for civil service approval. The record shows that at all times both the City and plaintiff considered and recognized that plaintiff was a civil service employee. Plaintiff received longevity pay, accumulated vacation time and sick leave for civil service employees during his four years employment with the City.

We believe the evidence is sufficient to show that plaintiff substantially complied with all the prerequisites necessary for certification and approval as a classified civil service employee. He was recognized as such by the City before this lawsuit. As a general rule the ordinances provide that certification shall be deemed to fulfill civil service requirements, and when there is a vacancy in a professional class, such as this case presents, Sec. 8–77 of the code permits the commission to approve an appointment of an applicant recommended by the *mayor* upon satisfactory evidence that the applicant meets the requirements for the class and is qualified otherwise. The commission may require the applicant to pass either an assembled or an unassembled examination, or both, to qualify. Mayor Cutrer participated in plaintiff's oral examination and signed the request for certification of plaintiff. Throughout the civil service code oral examinations are referred to, and we believe the record reflects that plaintiff was given such an examination, and that he was duly and legally certified and qualified as a classified civil service employee and was recognized as such. While the professional nature of the position precluded more than one applicant for the job, the fact that plaintiff was the only applicant does not necessarily destroy the "competitive" nature of the examination or prevent his classification as a civil service employee. See McQullen, Municipal Corporations, (3rd Ed.Rev.), Vol. 3, Sec. 12.78, 12.79, 12.80, 15 Am.Jur.2d, p. 434 et seq.

We next consider whether ordinance number 64–1871 passed by the city council of Houston on September 23, 1964, abolishing the position once held by plaintiff as a classified civil service employee, is valid or void. The trial court limited the recovery for unpaid wages to plaintiff to that period of time prior to the passage of ordinance number 64–1871, and in effect held that the Mayor had no authority to discharge or layoff plaintiff without council action. See Welch v. Overton, 416 S.W.2d 879, 884, (Tex.Civ.App.), writ ref., n. r. e. Plaintiff contends that such ordinance fails to show on its face that it was enacted in good faith, and that the trial court erred in refusing to permit him to proceed to prove lack of good faith. Further contention is made that the act of council was an attempted ratification of an illegal act of the Mayor, and plaintiff complains that the trial court limited his recovery only up to September 23, 1964, the date of passage of the ordinance abolishing the job, and that no notice was given plaintiff of the proposed action of city council. It was stipulated by counsel that after the alleged layoff by Mayor Welch, plaintiff sought and obtained other employment from January 30 until September 23, 1964 for which he earned the sum of $4,300.00.

Citing the cases of City of San Antonio v. Wallace, 161 Tex. 41, 338 S.W.2d 153, and City of San Antonio v. Kneupper, 161 Tex. 153, 338 S.W.2d 121, plaintiff takes the position that the burden of proof was upon defendants to prove that the city council's action in abolishing the position held by plaintiff was a good faith action in the light of surrounding circumstances and that defendants must support and justify the action of the Houston city council in abolishing plaintiff's civil service position. However, we believe the main thrust of the Wallace decision above was predicated upon concern for supporting the public policy of the State of Texas declared by the Legislature in the Firemen's and Policemen's Civil Service Acts, Vernon's Ann.Civ.St., Art. 1269m, Sec. 1 et seq. (See Sec. 12 and 24). The City of Houston is a home rule city and Article 11, Sec. 5 of the Texas Constitution, Vernon's Ann.St. (the home rule amendment) expressly provides that "no (City) charter or any ordinance passed un-

der said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State; * * *" (Parenthesis added). The Wallace case involved acts by the City of San Antonio which attempted to abolish classified positions under a civil service act adopted by the state legislature, and the Supreme Court held that the courts in carrying out state policy must consider the element of good faith in passing upon the validity of municipal actions as against a higher authority.

There is no state public policy or statute governing the position involved in the case at bar. The organic law of the City of Houston, being its Home Rule Charter, must be held to be controlling over ordinances and resolutions of city council. Article VII, Sec. 8 of the charter reads as follows:

"The city council shall, consistent with the provisions of this Charter, have power to establish any office that may in its opinion be necessary or expedient for the conduct of the city's business or government, and may fix its salary and define its duties; provided, however, that all offices established by the council shall be subject to discontinuance or abolishment by the council at any time, and in no case shall any officer or employee of the city be entitled to receive any compensation or emolument of any office which may be abolished, or from which he may be removed, except for services rendered to the date when the office was abolished or the incumbent removed."

■■ Although sufficient notice was given plaintiff of his proposed layoff under Sec. 8–88 of the city ordinance, and the civil service commission reviewed the action and upheld the Mayor, we agree, considering the charter provision and ordinances of the City of Houston, that such action did not have the effect of legally abolishing the job of plaintiff. We hold that only the city council of Houston under the provisions of the State and Federal Constitutions, the statutes and the Charter of the City of Houston, may abolish the position of a classified civil service employee. See Welch v. Overton, supra, 416 S.W.2d at p. 884. We have found no Texas statute or evidence of any public policy which in any way limits the provisions of the Houston Home Rule Charter in this case.

■■ In Welch v. Overton, supra, neither Sec. 8–88 of the city code referred to above, nor the ordinance passed by city council, No. 64–1289, which abolished the jobs of the plaintiffs in that case on July 14, 1964, was considered by the Texarkana Court of Civil Appeals. And while the Court of Civil Appeals in Welch v. Overton cited the Wallace and Kneupper cases with approval and seemed to require that the City and the Mayor justify an abolishing ordinance by proof of good faith in general, we do not believe under the circumstances of the case at bar that any such burden is cast upon these defendants. The trial court here, we believe, correctly ruled that defendants are not called upon to prove this ordinance valid under their burden of proof. Under the general rule, in the absence of a limiting act of the legislature or constitutional provision, it will be presumed that the lawmaking body acted in keeping with the constitution, the charter and the decisions, intending to have the ordinance conform to their requirements so as to make it valid and effective. Every reasonable doubt as to its validity under these circumstances should be resolved in favor of the ordinance. City of San Antonio v. Walters, 253 S.W. 544, (Tex.Civ.App.), writ ref.; Community Natural Gas Co. v. Northern Texas Utilities Co., 13 S.W.2d 184, 195, (Tex. Civ.App.), writ dismd.; 30 Tex.Jur.2d, p. 598. And see City of San Antonio v. Wallace, supra, 338 S.W.2d at p. 155 and 156 (Syl. 3). Plaintiff, in his bill of exceptions and in his arguments, advanced nothing which would render the action of city council invalid. See also Town of Ascarate v. Villalobos, 148 Tex. 254, 223 S.W.2d 945, 950, (Tex.Sup.); City of San Antonio v.

Pigeonhole Parking of Texas, Inc., 158 Tex. 318, 311 S.W.2d 218, 73 A.L.R.2d 640.

■ Moreover, plaintiff did not file this suit until April 18, 1966, and he began his employment elsewhere after January 30, 1964. While this is not to say that his discharge by the Mayor was lawful, so far as city council was concerned, plaintiff had for several months been employed elsewhere, and city council within reason was not required to give plaintiff further notice of its proposed action in abolishing the *then vacant* position of Director of Automotive Equipment. There is nothing in the record which shows that city council knew the situation which later occurred, including the filing of this lawsuit. We hold that the ordinance of city council in abolishing plaintiff's job was lawful and in accordance with the Charter of the City of Houston.

■ We sustain defendants' cross point of error number six to the effect that the trial court erred in failing to allow defendants an offset to the extent of the actual earnings of plaintiff subsequent to the termination of his actual employment with the City of Houston. An employee who has been wrongfully discharged before the termination of his contract of employment must endeavor to reduce the loss or damage by seeking other employment. Plaintiff did this in the present case, having earned $4,300.00 in other employment until September 23, 1964. The facts were stipulated. We believe the rule of mitigation is applicable here, and the judgment in this cause should have allowed defendants credit for the stipulated amount of salary earned by plaintiff during the period for which recovery was allowed. Lichtenstein v. Brooks, 75 Tex. 196, 12 S.W. 975; Farley v. Universal Mills, 116 S.W.2d 488, (Tex.Civ.App.), no writ hist.; 17 Tex.Jur. 2d, Sec. 41, p. 119, and cases cited. We do not believe this case, involving civil service status, creates any genuine distinction in the general rules above stated.

■ Plaintiff's claim for punitive damages and attorney's fees cannot be sustained, and the trial court's refusal to hear evidence thereon was not error. Exemplary damages and attorney's fees cannot be recovered in this case. The general rule is that neither can be recovered against a municipal corporation nor against the Mayor sued in his official capacity. Ostrom v. City of San Antonio, 33 Tex.Civ.App. 683, 77 S.W. 829, writ ref.; Town of Jacksonville v. Pinkard, 40 S.W.2d 841 (Tex.Civ. App.), writ dismd.; 19 A.L.R.2d 903; Willis v. City of Lubbock, 385 S.W.2d 617, Tex. Civ.App.), writ ref., n. r. e.; City of Houston v. L. J. Fuller, Inc., 311 S.W.2d 285 (Tex.Civ.App.), no writ hist.

■ The defendants' contention that plaintiff's cause of action is barred by the two-year statute of limitations is overruled. Plaintiff's appeal from the action of the Mayor was determined on April 20, 1964, and the position of the plaintiff with the City of Houston was not lawfully abolished until September 23, 1964. Plaintiff filed this action on April 18, 1966. There is no time limitation provided for the filing of suit in the district court after the ruling of the civil service commission on appeal. In fact, Art. Va. Sec. 3 of the Charter provides that the decision of the commission shall be final. But it was held in City of Houston v. Peyton, 316 S.W.2d 152 (Tex. Civ.App.), no writ hist., that dismissal of a civil service employee is subject to review by the courts notwithstanding the finality provision of the Charter. Especially is this true when the dismissal by the Mayor is illegal or void, as we have held. We hold that City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788 is not applicable to this case, and that the statute of limitations does not bar plaintiff's suit. See also Fire Department of the City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S. W.2d 664, 666. We further sustain the trial court's action in overruling defendants' plea in abatement.

The office of Director of Automotive Equipment having been legally abolished, we cannot require reinstatement into such office when it does not exist. City of

Dallas v. McDonald, 130 Tex. 299, 103 S. W.2d 725. There is nothing in this record which indicates that the purpose of abolishing such position was anything but justified, and there is no evidence to show that the duties performed by plaintiff as a civil service employee are essential to the operation of automotive equipment, or that plaintiff's duties are necessarily being discharged by new employees. No genuine contention is made that the facts are otherwise. Plaintiff's contention is that his dismissal was purely political, and nothing but rank speculation can support such contention. Members of city council are not shown to have been involved in any way.

We find the evidence sufficient to support the judgment of the trial court, with the exception of the credit due defendants. We have considered all other contentions made by the parties and find no merit in them, and they are each overruled.

The judgment of the trial court is reformed to allow a credit of $4,300.00 in favor of defendants, and as reformed the judgment of the trial court is affirmed.