**CROSTHWAITE v. STATE et al.**

No. 12465.

Court of Civil Appeals of Texas. Dallas.
May 22, 1937.

Appellant's Rehearing Denied July 3, 1937.

E. G. Moseley and Guy L. Mann, both of Dallas, for appellant.

Walter Floyd Clark, of Dallas, for appellees.

LOONEY, Justice.

This is a mandamus proceeding by John Parks, Jr., relator (conducting a transfer and storage business under the name of Central Transfer & Storage Company), against John L. Crosthwaite, auditor of Dallas county, to compel said officer to issue a warrant or check for the sum of $54.90, the alleged amount due relator for services rendered at the instance of Robert L. Hurt, district attorney of Dallas county, alleged to have been authorized and allowed by the commissioners court, and, after being thus allowed, was presented to respondent for the issuance of a warrant authorizing its payment, which he refused to do. Robert L. Hurt, district attorney, joined in the suit as relator in the interest of Parks, the owner of the claim.

The indebtedness was incurred by Hurt, district attorney, who, in aid of the proper administration of the duties of his office, engaged the services of relator to gather up at different places and haul to the courthouse certain marble boards being operated in Dallas county in violation of law, the purpose of the district attorney being to use the boards as evidence on hearings of applications for their destruction. The marble boards were delivered into the custody of the sheriff and by him were being held at the time of trial.

Respondent answered by exceptions, general demurrer, and special pleas, to the effect that the indebtedness was not properly incurred, in that the district attorney, in causing the gambling devices hauled to the courthouse, was not acting in his official capacity; that the claim was never legally approved by the commissioners court of Dallas county; that said court had not ordered respondent to issue warrants for the payment of the claim; and, further, that no fund had been provided by such court from which the item of expense could be paid.

After hearing the evidence, the court sustained the contention of relator, finding and decreeing as follows: "That on the 10th day of December, A. D. 1936, the Commissioners Court approved an expense account by Robert L. Hurt, then District Attorney of Dallas County, Texas, for the payment of services performed by John Parks, Jr. operating as the Central Transfer & Storage Company; That said services were in aid of the District Attorney in the administration of the duties of his office, and in the prosecution of crime and in necessary investigations conducted by his office in the

course of his duty as District Attorney; That sufficient funds were and are available for the payment of said bill; That the District Attorney had not spent the $2,500.00 provided by the Legislature under article 3912e, § 19 (g), Vernon's Ann.Civ.St.; That legal demand had been made upon the County Auditor to pay or have paid the said bill of $54.90; that said County Auditor refused to perform his ministerial acts necessary to the execution of a proper voucher, warrant and draft; That the County Auditor had failed to classify the item in question for budgetary purposes; That the District Attorney incurred this obligation in the performance of his official duties, and the Commissioners Court has properly approved said expenditure, as provided by law; That the County Auditor should properly classify and set up this item after its approval by the Commissioners Court; That under article 3912e, § 19 (g), it is unnecessary for the County Auditor to approve this claim before same is allowed by the Commissioners Court; That the judgment of the Commissioners Court on said claim is final, no appeal therefrom having been made; That the Acts required on the part of respondent to complete the procedure necessary for the payment of the bill are purely ministerial; And the Court being of the opinion that the relief prayed for herein by relator should be granted; It is, therefore, ordered, adjudged and decreed that respondent, John L. Crosthwaite as County Auditor of Dallas County, Texas, be, and he is hereby directed to take immediately all steps necessary according to the procedure of his office, to secure the payment of the drayage bill in the sum of $54.90, incurred by the Criminal District Attorney on the dates of September 1st, 2nd, 3rd, 4th, 8th, 11th, 12th and 18th, due the Central Transfer & Storage Company, owned and operated by John F. Parks, Jr., as set out in a sworn statement contained in an application for payment, presented to and approved by the Commissioners Court of Dallas County, Texas, by Robert L. Hurt, Criminal District Attorney on the 10th day of December, A. D. 1936; said order being approved on said date as per Commissioners Court order No. 4609, and recorded in Vol. 26, page 193 of the Minutes of the Commissioners Court of Dallas County, Texas; and that he, the said John L. Crosthwaite, as County Auditor, shall classify and set up said item in the customary or necessary manner provided for handling such items in his office, and take every other action necessary in the issuance

of voucher and in the countersigning of warrant or check, and see that the same is delivered to the relator, Central Transfer & Storage Company or its agent in proper form for presentation to the County Treasurer or the bank for payment. It is further ordered, adjudged and decreed that relator, Robert L. Hurt, take nothing by reason of this order." Respondents excepted, gave notice of and perfected appeal.

We approve the findings and conclusions of the trial court and adopt same as the conclusions of this court. The statute under which the district attorney proceeded in incurring the indebtedness in question, and under which the commissioners court acted in allowing the claim, is subdivision (g) of article 3912e, Vernon's Ann.Civ.St., same being a part of chapter 465, Acts of the Second Called Session of the 44th Legislature (1935), being the transition act from the fee system to the salary system of compensating public officials. The said article reads as follows: "In addition to other sums provided in this section, the district attorney or criminal district attorney may be allowed by order of the Commissioners' Court of his county such amount as said court may deem necessary to pay for, or aid in, the proper administration of the duties of such office, not to exceed Two Thousand and Five Hundred ($2,500.00) Dollars in any one calendar year; provided, that such amounts as may be allowed shall be allowed upon written application of such district attorney or criminal district attorney showing the necessity therefor, and provided further that said Commissioners' Court may require any other evidence that it may deem necessary to show the necessity for any such expenditures, and that its judgment in allowing or refusing to allow the same shall be final. No payment therefor shall be made except upon an itemized sworn statement of such expenses filed in the manner provided in this section for other expenses."

▆▆▆ It is obvious that, under the provisions of this statute, the auditor was not required to perform any duty with reference to the claim prior to the action of the commissioners court thereon. That court was required to act and did act upon the written application of the district attorney, and its action allowing the expenditures became and was a final judgment. This being the status and the particular fund against which the claim was incurred not having been exhausted, we think it was the duty of the auditor to approve the claim for pay-

ment in the usual and customary manner. Whether or not the district attorney exceeded his authority in possessing the gambling devices was no official concern of the auditor. If a trespass was committed by the district attorney on the rights of the owners of the tables, they alone could complain.

The trial court, in our opinion, rendered a correct judgment, hence the same is in all things affirmed.

Affirmed.

On Motion for Rehearing by Appellant.

Doubtless it will be found that the petition of relators contains a number of immaterial averments, but, in our opinion, these may be disregarded, in that we find a substantial agreement between the pleadings and proof as to the substance of the cause of action alleged. Disregarding all immaterial and redundant allegations, the gravamen or substance of relators' complaint against the county auditor is, that the district attorney of Dallas county, as authorized by subdivision (g) of section 19 of article 3912e, Vernon's Ann.Civ.St., being part of chapter 465, Acts Second Called Session of the 44th Legislature, engaged the services of John Parks to haul to the courthouse certain marble boards being operated in violation of law, to be used by the district attorney as evidence in aid of the proper administration of the duties of his office. In this manner the expense item involved was incurred, which, on written application by the district attorney, was duly allowed by the commissioners court of Dallas county, as provided in said act, thus becoming an adjudicated claim against the county. There being sufficient unexpended funds to pay the claim, it was presented to the auditor for countersigning, or for such approval for payment as under the circumstances he was required to give, but the auditor refused in any manner to approve same for payment; not because of the form in which it was presented, but because, in his opinion, the district attorney had exceeded his authority in incurring the indebtedness. After approval by the commissioners court, the claim became a final judgment; in this status we think it became simply the ministerial duty of the auditor to approve same for payment. We do not think he was authorized to raise any question as to the regularity of the conduct of the district attorney after approval of the claim by the commissioners court. If, in taking possession of the tables, the district attorney acted in excess of legal authority and trespassed upon the rights of others, they alone could have objected. In prosecuting the duties of his office, the district attorney was authorized to procure, for use as evidence, the marble boards or gambling tables and, in our opinion, the auditor was not justified in placing himself in opposition to the approval of the claim, simply because he did not approve the method pursued by the district attorney. However, we are not to be understood as, in any sense, implying that the county auditor was arbitrary or contumacious in his firm opposition to the approval of the claim. He exhibited independence both of thought and action, but, as we think, simply erred in judgment; and this, no doubt, was largely due to the fact that the statute under which the claim was incurred and the procedure regulating its approval for payment, set up a procedure that differed materially from the usual and ordinary method required for the presentation and approval of claims for payment.

The motion for rehearing is overruled.