JOHN L. CROSTHWAIT, COUNTY AUDITOR, V. THE STATE OF TEXAS ET AL.

No. 7327. Decided April 17, 1940.
Rehearing overruled June 5, 1940.
(138 S. W., 2d Series, 1060.)

*Guy L. Mann* and *E. G. Moseley,* both of Dallas, for plaintiff in error.

The approval or disapproval of a claim authorized by Article 3912e, section 19 (g and l), by the county auditor of Dallas County, is an act which involves discretion, and mandamus proceedings will not lie to compel the approval of same since the aggrieved party has an adequate remedy at law. Wyatt Metal & Boiler Co. v. Lipscomb, County Auditor, 87 S. W. (2d) 331, writ refused; Anderson v. Ashe, 99 Texas 447, 90 S. W. (2d) 872; 28 Tex. Jur. 525, sec. 8.

*Walter Floyd Clark,* of Dallas, for defendant in error.

MR. JUDGE SLATTON delivered the opinion of the Commission of Appeals, Section B.

Mandamus proceedings by the State on the relation of John Parks, Jr., et al, against the County Auditor of Dallas County. Judgment of the trial court was in favor of Relators which was affirmed on appeal. 107 S. W. (2d) 477. This Court granted the writ of error.

The district attorney of Dallas County employed a transfer company to haul marble boards from the places where they were being used in violation of law to the courthouse where such equipment was to be held and used as evidence in applications of the district attorney pending in the district court for destruction orders. The total expenses contracted amounted to $54.90.

The district attorney made application to the commissioners court of Dallas County showing the above facts and asked that such bill be allowed by the commissioners court and that said sum be paid out of a fund which had been set apart by the court to take care of expenses allowed by law to the office of district attorney of Dallas County, as provided in Vernon's Annotated Civil Statutes, 1925, Article 3912e, Section 19g.

The commissioners court approved the claim as presented but the county auditor refused to recognize the claim as a valid claim against Dallas County.

The relator's prayer is as follows:

"* * * That upon hearing a writ of mandamus be issued ordering him (County Auditor) to immediately issue a warrant or check payable to the Central Transfer & Storage Company in payment of the debt alleged herein and heretofore approved by order of the commissioners court in the sum of $54.90."

The judgment provides:

"That * * * County Auditor be and he is hereby directed to take immediately all steps necessary according to the procedure of his office to secure the payment of the drayage bill * * * etc., * * * and shall classify and set up said item in the customary or necessary manner provided for handling such items in his office and take every other action necessary in the issuance of voucher and in the countersigning of warrant or check and see that same is delivered to the relator * * * in proper form for presentation to the County Treasurer or court for payment * * *."

The controlling question presented is whether the seizure of gambling devices is the duty of the district attorney of Dallas County. Vernon's Annotated Penal Code of Texas, Arts. 632, 633 and 636 makes it the duty of peace officers to execute searches and seizures for gambling devices. Art. 36 of the Code of Criminal Procedure defines peace officers to be:

"The sheriff and his deputies, Constable, Marshal or policeman of any incorporated town or city, the officers, non-commissioned officers and privates of the State Ranger force, and any private person specially appointed to execute criminal process."

■ This Court from an early day has recognized the following rule applicable to officers:

"An officer must look to the act by which his office is created and its duties defined to ascertain the extent of his powers and the line of his duties; he is not permitted to transcend the former nor to vary the prescribed mode of performance of the latter." Bryan v. Sundberg, 5 Texas 418.

The statutes quoted clearly demonstrate that the duty to seize gambling equipment in this State is upon peace officers.

The statute under which the district attorney claims the expenditure is authorized provides as follows:

"* * * In addition to other sums provided in this section, the district attorney or * * * may be allowed by order of the commissioners court of his county such amount as said court may deem necessary to pay for or aid in the proper administration of the duties of such officer, * * *."

The act further provides:

"* * * And such officer shall be entitled to file claims for and issue warrants in payment of all actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, traveling expenses, and other necessary expenses, * * *." Article 3932e, section 191.

■ By the limitations expressed in the next above quoted portion of the statute the district attorney and the commissioners court of Dallas County were limited to the kind of expenditures mentioned in said statute. Since seizure of gambling devices is the duty of peace officers and not the duty of the district attorney and the statutes governing the expenditures of the office of district attorney for expenses specifically limit such expenditures to those named in the statute we are of the opinion that the commissioners court of Dallas County was without authority to allow the expenditures as a necessary expense of the office of district attorney of Dallas County. Casey et al v. State, 289 S. W. 428 (writ refused). Therefore, the action of the commissioners court in allowing the claim as a necessary expense of the office of district attorney being without statutory authority is *void*. Howard et ux v. Henderson County, 116 S. W. (2d) 479 (writ refused) ; Jeff Davis County v. Davis et al, 192 S. W. 291 (writ refused). Hence, the Auditor of Dallas County properly refused to approve the claim as a legal expenditure of the office of district attorney of Dallas County.

It does not follow from our ruling that an officer whose statutory duty requires the seizure of gambling equipment could not incur such an expense as here involved so as to present a claim which could be legally paid by Dallas County. That question is not before us for decision.

It follows that the judgments of the lower courts must be reversed and judgment here rendered for plaintiff in error.

Opinion adopted by the Supreme Court April 17, 1940.

Rehearing overruled June 5, 1940.