

# The Attorney General of Texas

October 9, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
County Attorney
Harris County Courthouse
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No. MW-375

Re:  Authority of county fire
marshal

Dear Mr. Driscoll:

You have requested our opinion regarding the authority of the Fire Marshal of Harris County.  The Commissioners Court of Harris County, pursuant to article 1606c, V.T.S.C., has created the office of county fire marshal, whose duties are specified in that statute. Section 8 thereof provides that:

> The County Fire Marshal shall be charged with enforcing all State and county regulations that pertain to fire or other combustible explosions or damages caused by fire or explosion of any kind; he shall coordinate the work of the various fire-fighting and fire-prevention units within the county, provided that, he shall have no authority to enforce his orders or decrees within the corporate limits of any incorporated city, town or village within the county and shall act in a cooperative and advisory capacity there only when his services are requested; he shall cooperate with the State Fire Marshal in the carrying out of the purposes of fire prevention, fire fighting or post-fire investigation.  If called upon by any city or State Fire Marshal or the Fire Chief of any incorporated city, town or village to aid in an investigation or to take charge of same, he shall act in the capacity requested.  (Emphasis added).

You ask seven questions regarding the authority of the county fire marshal:

1.  Can the fire marshal designate the specific area to be served by a volunteer fire department?

2.  Can the fire marshal determine which volunteer fire department has primary responsibility within a particular fire zone?

3.  Can the fire marshal require volunteer fire departments to meet the minimum standards for maintaining and operating a volunteer fire department as published from time to time by the State Board of Insurance in its Key Rate Schedule for Grading Cities and Towns of Texas with Reference to their Fire Defenses and Physical Conditions before said volunteer fire departments could offer fire fighting service or fire prevention service within a fire zone?

4.  Does the fire marshal have any control over the granting of charters to new volunteer fire departments?

5.  Can the fire marshal enforce the transfer of real property from one volunteer department to another when located in the fire zone of another volunteer fire department?

6.  Can the fire marshal promulgate regulations or minimum standards required to establish new volunteer departments in the unincorporated areas of Harris County?

7.  Does the fire marshal have any authority over fire departments in the unincorporated areas of the county created pursuant to Vernon's Texas Codes Annotated, Water Code, Section 50.055 and Article 2351a-6, V.T.C.S.?

Section 8 directs the fire marshal to "coordinate the work of the various fire-fighting and fire-prevention units within the county" for all such units which are located outside the corporate limits of any incorporated city, town or village. Your brief indicates that you are primarily concerned about the exercise of this power. "Coordinate" means:

> to put in the same order or rank; to bring into a common action, movement or condition; to regulate and combine in harmonious action; to adjust; harmonize.

Webster's New International Dictionary 586 (2d ed. 1947).

See McHenry v. Ouachita Parish School Board, 125 So. 841, 843 (La. 1929); Aeolian-Skinner Organ Co. v. Shepard Broadcasting Service, 81 F.2d 392, 395 (1st Cir. 1936). The authority of a county officer is limited to those powers expressly conferred by statute or constitution or necessarily implied therefrom. Crosthwait v. State, 138 S.W.2d 1060 (Tex. 1940); Gulf Bitulithic Co. v. Nueces County, 11 S.W.2d 305 (Tex. Comm'n. App. 1928). In our opinion, since the fire marshal is empowered to "coordinate" the activities of volunteer fire departments located outside any city's corporate limits, it necessarily follows that he may designate specific areas to be served by those departments and determine which departments have primary responsibility within a particular fire zone. Therefore, we answer your first two questions in the affirmative. We caution, however, that section 8 of article 1606c restricts the fire marshal to the coordination of those volunteer fire departments located wholly outside the corporate limits of an incorporated city or town. As to departments located elsewhere, his authority is advisory only, and may be exercised only upon the request of a particular department.

We do not believe that the county fire marshal is authorized to exercise the powers of which you inquire in questions 3 through 6. Each of those activities involves substantially more than mere "coordination" of volunteer fire-fighting units, and may not reasonably be inferred from the powers granted by article 1606c.

Your final question asks whether the county fire marshal has any authority over fire departments created pursuant to article 2351a-6, V.T.C.S., or section 50.055 of the Water Code. Article 2351a-6, V.T.C.S., provides for the creation of rural fire prevention districts wholly within one county or cutting across county lines. V.T.C.S. art. 2351a-6, §§2,2(a). A petition of voters begins the process, and upon granting the petition the commissioners court calls an election to confirm the organization and authorize the tax to support it. V.T.C.S. art. 2351a-6, §8. This fire protection district is a political subdivision governed by a Board of Fire Commissioners appointed by the commissioners court. V.T.C.S. art. 2351a-6, §§10,13. The district has authority to own fire-fighting equipment and to contract for fire-fighting facilities "upon such terms as the governing body of the district shall determine." V.T.C.S. art. 2351a-6, §11(1),(3).

The rural fire prevention district is established by the county as a political subdivision with a governing body given considerable discretion as to providing fire-fighting services. V.T.C.S. art. 2351a-6, §11(7). In our opinion, the portion of article 1606c, V.T.C.S., requiring the county fire marshal to coordinate the work of fire-fighting units is inconsistent with the powers of the fire commissioners within the fire prevention district. Article 2351a-6, V.T.C.S., is a more specific law with regard to fire protection districts and prevails over article 1606c to the extent of conflict.

See Texas Liquor Control Board v. Falstaff Distributing Co., 369 S.W.2d 483 (Tex. Civ. App. - Houston 1963, no writ); Nelson v. Texas Employment Commission, 290 S.W.2d 708 (Tex. Civ. App. - Galveston 1956, writ ref'd). Thus, the county fire marshal may not coordinate the work of fire-fighting units within an article 2351a-6 district.

Section 50.055 of the Water Code provides that a district may establish a fire department to perform all fire-fighting activities within the district. Before a district establishes a fire department, it must develop a detailed plan for the establishment, operation and maintenance of the proposed fire department. The plan must be approved by the district governing board, the Water Rights Commission and the electors of the district. See Water Code §50.055(h),(i); Tex. Const. art. XVI, §59. We believe it would be inconsistent with these detailed planning and approval requirements to permit the county fire marshal to "coordinate" the department's work and thereby overrule decisions made pursuant to section 50.055. Section 50.055 is a special statute relating to the establishment of fire departments in water districts and prevails over section 8 of article 1606c to the extent of conflict. Thus, the county fire marshal may not coordinate the work of fire-fighting units within rural fire prevention districts or water districts authorized by section 50.055 to establish fire departments. We do not address the other powers given the county fire marshal by article 1606c, such as the authority to investigate the causes of fires in order to identify cases of arson. V.T.C.S. art. 1606c, §§2,4,7.

## S U M M A R Y

In areas of Harris County outside the corporate limits of an incorporated city or town, the county fire marshal is empowered by section 8 of article 1606c, V.T.C.S., to designate specific areas to be served by volunteer fire departments and determine which departments have primary responsibility within a particular fire zone. He does not have this authority with respect to fire departments established pursuant to article 2351a-6, V.T.C.S., or section 50.055 of the Water Code. He may not require the volunteer fire departments to meet minimum standards established by the State Board of Insurance. He may not control the establishment of new volunteer fire departments either by granting them charters or promulgating regulations. He may not enforce the transfer of real property from one volunteer fire department to another.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin & Susan Garrison
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Laura Martin
Jim Moellinger