

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 3, 2006

The Honorable David Swinford
Chair, Committee on State Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0427

Re: Whether the Comptroller of Public Accounts has constitutional or statutory authority to "research, analyze and report" about a state agency and the organic legislation creating the agency (RQ-0424-GA)

Dear Representative Swinford:

You ask whether the Office of the Texas Comptroller of Public Accounts (the "Comptroller") has the constitutional or statutory authority to "research, analyze and report" about a state agency and the organic legislation creating the agency, and you also ask about the scope of any such authority.[1]

At the time of your request, you related that the Comptroller was conducting an investigation involving the Texas Residential Construction Commission (the "TRCC"). *See* Request Letter, *supra* note 1, at 1. The investigation was undertaken at the request of State Representative Todd Smith.[2] Representative Smith asked the Comptroller, "[p]ursuant to [the Comptroller's] constitutional and statutory authority," to "research, analyze and report on the Texas Residential Construction Commission Act . . . and its impact on Texas homeowners and the Texas economy." Smith Letter, *supra* note 2, at 1. The Smith Letter further requested that the Comptroller examine six particular questions:

> In particular, I would request that your office make an independent assessment of whether: (1) Texas homeowners who have filed claims with the TRCC are satisfied with the agency and its claims process, and whether the TRCC has processed their claims fairly; (2) the TRCC has allocated appropriate personnel and funds to process

---

[1]Letter from Honorable David Swinford, Chair, Committee on State Affairs, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (Dec. 16, 2005) (on file with the Opinion Committee, *also available at* www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Letter from Honorable Todd Smith, Texas House of Representatives, to Honorable Carole Keeton Strayhorn, Texas Comptroller of Public Accounts (Aug. 16, 2005) (attached to Request Letter, *supra* note 1) [hereinafter Smith Letter].

claims appropriately and promptly; (3) the Act and the TRCC process provides disincentives for good building, which in the long-term may discourage homeownership and increase foreclosures in Texas as well as decrease economic growth and state revenues; (4) the TRCC's state mandated warranty is unfair to Texas homeowners and will discourage in the long-term home purchases and economic development; (5) the TRCC's claims process and Texas homeowners' rights compare unfavorably to those in other states; and (6) the board of the TRCC, in particular its ratio of public to homebuilder members, as well as the restrictions on who can serve as a public member, compares unfavorably to those of similar agencies in Texas or other states.

*Id.* The report requested by Representative Smith has been completed and released.[3]

The Texas Constitution establishes the office of the Comptroller as an elected position in the executive department. TEX. CONST. art. IV, §§ 1–2, 23. An elected officer possesses a "sphere of authority" created and defined by the constitution and statutes. *Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.—Austin 1997, writ denied); *see also State ex rel. Dep't of Criminal Justice v. VitaPro Foods, Inc.*, 8 S.W.3d 316, 322 (Tex. 1999) (stating that "[a]ll state officers' powers are fixed by law"). A public officer's express statutory authority carries with it implied authority reasonably necessary to carry out the statute's purpose. *See Bullock v. Calvert*, 480 S.W.2d 367, 371–72 (Tex. 1972) (stating that "[i]t is quite true that every specific, permissible act of a public officer need not be expressed in a statute; we imply the authority to do those acts necessary to achieve the power or object expressly granted, because the Legislature must have intended to grant the constituent details within the larger commission").

The Texas Constitution does not purport to comprehensively define the Comptroller's functions and duties. A number of the Comptroller's specific duties are mentioned throughout the constitution. *See, e.g.*, TEX. CONST. art. III, § 28 (listing the Comptroller as a member of the Legislative Redistricting Board); *id.* art. VII, § 4 (Comptroller's duties with respect to the Permanent University Fund); *id.* art. XVI, § 70 (Comptroller's duties with respect to the Texas Growth Fund). Concerning reports, the constitution requires the Comptroller before each regular legislative session to report to the legislature and the Governor the financial condition of the treasury, estimating the receipts and disbursements for the current fiscal year and "the anticipated revenue based on the laws then in effect" for the succeeding biennium. *Id.* art. III, § 49a(a). Also, the Comptroller must find whether the amount appropriated in an appropriation bill is within estimated revenue. *Id.* art. III, § 49a(b). By and large, however, the constitution leaves the specification of the Comptroller's authority to the legislature. *See id.* art. IV, § 23 (requiring the Comptroller to "perform such duties as are or may be required by law").

---

[3]News Release, Statement from Carole Keeton Strayhorn, Texas Comptroller of Public Accounts, *Texas Residential Construction Commission News Conference* (Jan. 23, 2006), *available at* http://www.window.state.tx.us/news/60123trccstatement.html (last visited Mar. 17, 2006).

Chapter 403, subchapter B of the Government Code addresses the Comptroller's general powers and duties. *See* TEX. GOV'T CODE ANN. §§ 403.011–.335 (Vernon 2005 & Supp. 2005). Section 403.011 prescribes many of the office's specific duties concerning state government accounts, claims, and revenue, including the duty to "supervise, as the sole accounting officer of the state, the state's fiscal concerns and manage those concerns as required by law" and the duty to "suggest plans for the improvement and management of the general revenue." *Id.* § 403.011(3), (18) (Vernon 2005). Section 411.013 requires the Comptroller to make certain reports to the Governor, including an "audited comprehensive annual financial report that includes all state agencies determined to be part of the statewide accounting entity." *Id.* § 403.013(c). The Comptroller is required to report to the legislature and the Governor about how certain tax provisions affect state revenue. *Id.* § 403.014. Additionally, the Comptroller biennially must compile information and issue a report concerning economic development in the state. *Id.* § 403.030(a). For that report, however, the Legislative Budget Board (the "LBB") must provide the Comptroller with information necessary to identify "strategies in the General Appropriations Act identified as meeting the statewide priority goal or service category of economic development, if any, of each state agency." *Id.* § 403.030(a)(1), (c).

Prior to 2003, the Comptroller had express authority to initiate and conduct extensive reviews of state agencies and report the resulting findings. As former section 403.022 of the Government Code provided:

> (a) The comptroller periodically may review and analyze the effectiveness and efficiency of the policies, management, fiscal affairs, and operations of state agencies.

> (b) The comptroller shall report the findings of the review and analysis to the governor, lieutenant governor, and speaker of the house of representatives.

Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 17, 1993 Tex. Gen. Laws 583, 968, *amended by* Act of Apr. 25, 1995, 74th Leg., R.S., ch. 76, § 5.90, 1995 Tex. Gen. Laws 458, 542. In 2003 the legislature enacted House Bill 7, repealing section 403.022. *See* Act of Oct. 13, 2003, 78th Leg., 3d C.S., ch. 3, § 6.18, 2003 Tex. Gen. Laws 78, 86. House Bill 7 gave to the LBB authority identical to that previously held by the Comptroller—to "review and analyze the effectiveness and efficiency of the policies, management, fiscal affairs, and operations" of state agencies. *Id.* § 6.09 (now codified at TEX. GOV'T CODE ANN. § 322.017 (Vernon Supp. 2005)).

Section 6.21 of House Bill 7 confirms that the legislature intended a complete transfer from the Comptroller to the LBB of authority to conduct an efficiency review of a state agency. The section transfers from the Comptroller to the LBB: "all employees . . . whose primary functions relate to the . . . efficiency review of state agencies," "all records and other property . . . that relate to . . . an efficiency review of a state agency," and "all unexpended and unobligated appropriations . . . relating to the . . . efficiency review of a state agency." *Id.* § 6.21. Section 6.21 also provides that "any reference in law to the [Comptroller] that relates to the . . . efficiency review of state

agencies, . . . means the Legislative Budget Board." *Id.* These provisions manifest a clear legislative intent to relieve the Comptroller of the authority and responsibility to initiate and conduct the agency effectiveness and efficiency reviews. Consequently, the Comptroller does not have the authority to initiate and conduct an investigation of an agency and issue a report to the extent the purpose is to "review and analyze the effectiveness and efficiency of the policies, management, fiscal affairs, and operations of state agencies." *See* TEX. GOV'T CODE ANN. § 322.017 (Vernon Supp. 2005).

A brief submitted by the Comptroller suggests that the office has statutory authority to investigate a state agency independent of the authority eliminated by House Bill 7.[4] The brief proposes that Representative Smith's request authorized the Comptroller to conduct an assessment pursuant to section 301.028 of the Government Code. *See* Comptroller Brief, *supra* note 4. Under that section, "[e]ach standing committee, including a general investigating committee, may request necessary assistance from all state agencies, departments, and offices," and "[e]ach state agency, department, and office shall assist any legislative committee that requests assistance." TEX. GOV'T CODE ANN. § 301.028(a)–(b) (Vernon 2005). That section is part of the subchapter governing the organization of the legislature into committees. *See id.* §§ 301.011–.034 (subchapter B, the "Legislative Reorganization Act of 1961"). The plain language of section 301.028 concerns committee requests, not requests from an individual legislator. The Smith Letter to the Comptroller does not purport to be on behalf of any committee. *See* Smith Letter, *supra* note 2. That section does not apply when, as here, there has not been a request from or on behalf of a committee.

Of course, a legislator may ask any executive agency for information and assistance, and the agency may provide it out of comity between the executive and legislative branches of government. *See State Bd. of Ins. v. Betts*, 308 S.W.2d 846, 852 (Tex. 1958) (observing that "co-operation of two or more branches or departments of government in the solution of certain problems is both the usual and expected thing"). But the agency may do so only within the bounds of its constitutional and statutory authority. *See Crosthwait v. State*, 138 S.W.2d 1060, 1061 (Tex. 1940) (noting that an "officer must look to the Act by which his office is created, and its duties are defined, to ascertain the extent of his powers, and the line of his duties; and he is not permitted to transcend the former, nor to vary the prescribed mode of performance of the latter") (quoting *Bryan v. Sundberg*, 5 Tex. 418 (1849)). Indeed, the Smith Letter asked for assistance "[p]ursuant to [the Comptroller's] constitutional and statutory authority." Smith Letter, *supra* note 2, at 1. As a practical matter, an agency receiving a request for assistance must determine the extent of its authority to comply with the request.

The brief also suggests that the Comptroller's authority to initiate and conduct investigations concerning an agency may be found in section 111.003 of the Tax Code. Comptroller Brief, *supra* note 4, at 4. Section 111.003(a)–(d) relates to an investigation of an agency that has been requested by the Governor. *See* TEX. TAX CODE ANN. § 111.003(a)–(d) (Vernon 2001). Section 111.003(a) provides that at the Governor's request the Comptroller shall "investigate any state institution and

---

[4]Brief from Timothy Mashburn, General Counsel, Comptroller of Public Accounts, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General (Jan. 23, 2006) (on file with the Opinion Committee) [hereinafter Comptroller Brief].

its policies, management, and operation, including the fiscal affairs and the conduct and efficiency of any state employee of the institution." *Id.* § 111.003(a)(3). By its terms, section 111.003(a) makes the Comptroller's authority to investigate a state institution's "policies, management, and operation" contingent on a request from the Governor. *Id.*; *see also* Tex. Att'y Gen. Op. Nos. MW-192 (1980) at 11, H-1063 (1977) at 3–4 (determining that the Comptroller's authority under the predecessor to section 111.003 to audit an agency was contingent on a gubernatorial request).

The final subsection of section 111.003, subsection (e), provides:

> The comptroller may at any time examine and investigate the expenditure of appropriated money for a state institution or for any other purpose or for improvements made by the state on state property or money received and disbursed by any board authorized to receive and disburse state money. The comptroller shall investigate any state institution when required by information coming to his own knowledge.

TEX. TAX CODE ANN. § 111.003(e) (Vernon 2001). A statutory provision may not be construed in isolation, but instead must be read in context of the statutory scheme. *See Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex. 2000). Section 111.003(e) as a whole concerns a state institution's expenditures of appropriated money or money received and disbursed by certain authorized boards. In context, section 111.003(e)'s grant of authority to the Comptroller to initiate an investigation is limited to the authority to investigate agency fiscal matters. TEX. TAX CODE ANN. § 111.003(e) (Vernon 2001). Moreover, the Comptroller's authority in section 111.003(e) of the Tax Code must be construed in harmony with House Bill 7, which transferred to the LBB the authority to initiate and conduct an investigation into "the effectiveness and efficiency of the policies, management, fiscal affairs, and operations of state agencies." *See* TEX. GOV'T CODE ANN. § 322.017 (Vernon Supp. 2005).

Finally, the Comptroller's brief suggests that the authority to initiate and conduct an investigation of an agency such as the TRCC derives more broadly from the office's constitutional duty to estimate expected revenues and expenditures before each regular session of the legislature and the office's statutory duties to supervise and manage the state's fiscal affairs and to suggest plans for the improvement of the general revenue. *See* Comptroller Brief, *supra* note 4, at 4–6; TEX. CONST. art. III, § 49a(a); TEX. GOV'T CODE ANN. § 403.011(3), (18) (Vernon 2005). To be able to estimate state government revenue, the brief reasons, the Comptroller must understand trends in the state economy and the effect that state agency action has on the economy. Comptroller Brief, *supra* note 4, at 3–4. The use of general fiscal authority to initiate and conduct what is in essence an investigation formerly authorized by Government Code section 403.022—the authority to "review and analyze the effectiveness and efficiency of the policies, management, fiscal affairs, and operations of state agencies"—is clearly contrary to the intent of the legislature in House Bill 7. *See* Act of Oct. 13, 2003, 78th Leg., 3d C.S., ch. 3, §§ 6.09, 6.18, 6.21, 2003 Tex. Gen. Laws 78, 86. *Cf.* Tex. Att'y Gen. Op. No. JM-872 (1988) (questioning whether the State Auditor may use the office's authority to conduct an effectiveness audit or an economy and efficiency audit as a pretext for inquiring into the Comptroller's methods and means of deriving the information in a budget certification and revenue estimate).

### S U M M A R Y

       The Comptroller of Public Accounts does not have the authority to initiate and conduct an investigation into the effectiveness and efficiency of a state agency's policies, management, fiscal affairs, or operations as formerly authorized by the Government Code.  State agencies, departments, and offices are statutorily required to provide assistance to a legislative committee upon the committee's request.  A state agency, department or office may respond to a single legislator's request for assistance and information only within constitutional and statutory limits of authority.  The Tax Code does not authorize the Comptroller to investigate state agencies and their policies, management, and operations and issue a report thereon, except in response to a request from the Governor.  Also, the Tax Code authorizes the Comptroller to initiate and conduct an investigation of certain agency expenditures, receipts, and disbursements, but this cannot be construed as authorizing a more broad based investigation into the effectiveness and efficiency of a state agency's policies, management, fiscal affairs, and operations.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee